SAVAGE *v.* SPICER.

5-2815                                                   362 S. W. 2d 668

Opinion delivered December 17, 1962.

*Bernard Whetstone,* for appellant.

*Brown & Compton,* for appellee.

NEILL BOHLINGER, Associate Justice. This case stems from an automobile accident in which Richard Savage, a minor, was alleged to have been injured while the occupant of a car driven by Ronnie Spicer, a minor. The

complaint alleges that the appellant, Richard Savage, and appellee, Ronnie Spicer, were students at the El Dorado High School and members of the high school band and while preparing to go as members of the band to a football game they were assigned by the band director to go in the car belonging to Charles E. Spicer and driven by Ronnie Spicer in order to carry their large instruments to relieve the congestion on the regular school bus.

The appellant, Richard Savage, for himself and father prayed $75,000.00 in damages. The defendants answered and thereafter the appellants filed their first amendment to the complaint in which they alleged that the band director had specifically delegated to Ronnie Spicer the task of transporting Richard Savage and his instrument and that the band director was the authorized agent of the El Dorado School District; that the El Dorado School District was the holder of a public liability policy issued by the Hartford Accident and Indemnity Company and prayed the issuance of a summons against the Hartfor Accident and Indemnity Company and that they have judgment under said policy.

It further alleged in said amendment that the appellee, Charles E. Spicer, carried a public liability policy at the time of the accident but the name of the carrier was unknown to the appellant and prayed that the insurance carrier for Spicer be made a party defendant to the end that judgment might be entered against such carrier.

The Hartford Accident and Indemnity Company demurred to the amended complaint on the grounds that the amendment to the complaint did not state facts sufficient to constitute a cause of action against the Hartford Accident and Indemnity Company. The court sustained this demurrer and the first point presented here is the question as to whether or not the court erred in sustaining the demurrer to the amendment to the complaint. We conclude that it did not.

The ancient doctrine that the king can do no wrong and hence could not be guilty of tort has come down to us through the years and is embodied in our constitution

under the phrase that the sovereign state will never be made a defendant in its courts. This immunity from being made a defendant has been extended to the various arms and branches of the state government through which the sovereign state discharges its functions.

Time was when the functions of the school were comparatively simple and the pupils walked to school and returned to their homes without assistance from the school district. In a time fraught with change, conditions have so altered that today it is necessary for the school districts to transport pupils to and from school, in some instances a considerable distance, and to this end they operate now on the thoroughfares of the state large numbers of school buses, trucks and private vehicles to accomplish the diverse activities of the school. As would normally be expected, accidents ensued and the citizens that suffered loss in such accidents were confronted with a situation wherein there was no redress in the courts against the districts.

To correct this injustice, the Legislature of 1947 provided that if liability insurance was carried by an immune agency, the person suffering loss or damage covered by such insurance could have a direct cause of action against the insurer.

"Ark. Stats. § 66-517. Liability insurance carried by nonprofit organization or public agency — Direct action against insurer.—When liability insurance is carried by any * * * school district, * * * and any person, * * * suffers injury or damage to person or property on account of the negligence or wrongful conduct of any such organization, * * * its servants, agents or employees acting within the scope of their employment or agency, then such person, firm or corporation so injured or damaged shall have a direct cause of action against the insurance company * * * with which said liability insurance is carried * * *,"

The emergency clause of the act (Act 46, Acts of 1947) reads:

"Section 5. Whereas liability insurance policies are being written and issued to associations, corporations and organizations which cannot be sued on torts and premiums are being collected by liability insurance companies on such policies without any benefit either to the insured or whoever may be injured and damaged, this act, being necessary to the public peace, health and safety, an emergency is hereby declared to exist, and this act shall be in effect from and after its passage."

In this case we have such a liability policy but, like other insurance policies, it provided that the insured would pay a certain sum of money and the insurer would protect against certain liabilities in connection with the operation of the specific vehicles set forth in the policy. Each vehicle which the insurer is covering is specifically described and the policy further provides that the insurance afforded by such policy is in respect to the vehicles listed in the policy and for which a premium charge has been or is to be paid. The car operated by the appellee is not listed in that policy.

It is suggested, however, that since the appellees' car was being operated as an adjunct or substitute for one of the vehicles listed in the policy that direct action against the insurer should be accorded to the appellants. We do not agree.

While it is true that a substitution of vehicles is contemplated by the policy, it is further provided that the substitution is permitted where the insured automobile is withdrawn from normal use if the school district notifies the company of the substitution. There was no substitution here or any showing that the insured vehicle was withdrawn from service.

In addition to the demurrer by the Hartford Accident and Indemnity Company, the appellees, Ronnie and Charles E. Spicer, moved that paragraphs eight (8) and nine (9) of the amendment to the complaint be stricken. These paragraphs alleged that the appellants were informed and believed that the appellees carried a public liability policy at the time of the accident, the limits of

the policy and the name of the insurance company being unknown to the appellants and that the definition of the word ''insured'' in such policy applied to ''organizations legally responsible for the use of the appellees' car.'' The appellants contended that this clause extended coverage to the school district; asked that the name of the insurance carrier of the appellees be divulged and it be made a joint defendant under the direct action statute; and that they have judgment against such insurance carrier.

The court sustained the appellees' motion to strike these paragraphs and in that we agree.

The direct action statute, quoted above, provides that if a school district carries liability insurance and causes injury to any person, that person may bring suit directly against the school district's insurance carrier. The purpose of the statute is set out in the emergency clause quoted above. The direct action statute applies only to insurance companies issuing policies to such immune organizations. The purpose of the statute is clear and that purpose is not served by extending the act to allow a direct action against the insurer of an individual.

There is no question of procedure here involved and we pass only on the action of the court in sustaining the general demurrer to the complaint against the Hartford Accident and Indemnity Company and in deleting the paragraphs in the amended complaint which sought to make an insurance policy carried by private individuals come within the statute which permits direct suit against insurers of agencies that are immune to such action.

The decision of the trial court in both of these actions is affirmed.