A. BENJAMIN WHITE ET UX *v*. MRS. HARRY MUNRO

5-4041                                           408 S. W. 2d 599

Opinion delivered November 28, 1966

*Pope, Pratt, Shamburger, Buffalo & Ryan;* By *Donald S. Ryan* and *D. Michael Huckabay,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

GEORGE ROSE SMITH, Justice. On a rainy night in December of 1964 the plaintiff-appellants, A. Benjamin White and his wife, were traveling south on the Arch Street Pike, near Little Rock. As they drew abreast of Mac's Market, a grocery store owned by the appellee, Mrs. Harry Munro, they collided with a car being driven by A. T. Massery, who was attempting to re-enter the highway after having been shopping at the market. The Whites brought this tort action against Massery and Mrs. Munro. This appeal challenges the trial court's action in directing a verdict for Mrs. Munro.

The charge that Mrs. Munro was negligent rests solely upon the location of her premises with respect to the paved highway. The pavement was twenty feet wide and lay in the center of a sixty-foot public easement. Mrs. Munro's store building was set back from the pave-

ment for a distance varying from 19 to 23 feet, so that it encroached upon the public easement by as much as one foot at one point. For many years the area between the store building and the highway had been paved with asphalt and had been used by the the market's customers for ingress, parking, and egress. It is the appellants' contention that Mrs. Munro was culpably negligent in maintaining a building that impinged upon the public easement by twelve inches and in maintaining a paved parking area that lay within the boundaries of the public easement. It is argued that these physical conditions were unreasonably hazardous to people traveling up and down the highway.

In rejecting the appellants' contentions we need not go beyond the basic issue of simple causation. We lay aside the twelve-inch encroachment, which obviously had nothing whatever to do with this collision. All that remains is the assertion that the existence of a paved area next to the highway involved actionable negligence. This contention is unsound. There are, as we know, thousands upon thousands of commercial establishments—filling stations, grocery stores, drive-in restaurants, and the like—that have paved aprons adjoining city streets and public highways. On balance, such aprons doubtless promote traffic safety, in that they provide off-the-street parking and permit motorists to avoid the dangers incident to right-angle turns into and from the paved highway. If the mere existence of such aprons is a basis for a charge of negligence, then thousands of owners of property along our streets and highways are subject to potential liability for accidents that occur in front of their premises. We need cite only two of our decisions, which show, by their discussion of proximate cause in analogous situations, that there is no basis for a finding of liability upon the facts now before us. *Chicago, R. I. & P. Ry.* v. *Davis,* 239 Ark. 1059, 397 S. W. 2d 360 (1965); *Ben M. Hogan & Co.* v. *Krug,* 234 Ark. 280, 351 S. W. 2d 451 (1961).

Affirmed.