**Ronald LACEY, Individually and as Special Administrator of the Estate of Rebecca Lacey, Deceased; and Glenda Richie Tomlinson, Appellants,**

**v.**

**BEKAERT STEEL WIRE CORPORATION; Crawford County, Arkansas; City of Van Buren, Arkansas; CNA; Appellees.**

**Appeal of UNITED STATES TRUST COMPANY OF NEW YORK.**

**No. 86–1058.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1986.

Decided Aug. 28, 1986.

G. Alan Wooten, Fort Smith, Ark., for appellants.

Joseph C. Self, Van Buren, Ark., for appellees.

Before JOHN R. GIBSON and MAGILL, Circuit Judges; and FAIRCHILD,[*] Senior Circuit Judge.

MAGILL, Circuit Judge.

Plaintiffs-appellants Ronald Lacey, individually and as special administrator of the estate of Rebecca Lacey, deceased, and Glenda Richie Tomlinson appeal from the district court's[1] entry of summary judgment, 619 F.Supp. 1234 (1985), in favor of all defendants in this diversity case resulting from a single-vehicle, nighttime accident causing the death of driver Rebecca Lacey, personal injuries to passenger Glenda Tomlinson, and damage to the automobile owned by Ronald Lacey. For reversal, Lacey[2] argues the district court erred in its rulings regarding (1) the constitutionality of municipal tort immunity under Arkansas statute; (2) the viability of a direct action against CNA, an insurance company; and (3) the liability of Bekaert Steel Wire Corporation as a possessor of the land underlying the public road where the accident occurred. We affirm in all respects.

## I. BACKGROUND.

On July 30, 1982, Rebecca Lacey was driving on Interstate 40 with passenger Tomlinson. They took the Lee Creek Road exit, and continued southward, passing a caution sign which read "Road Ends 3/4 Mile."[3] Not realizing that they were approaching the end of the road, they drove over the north bank of the Arkansas River. Passenger Tomlinson managed to escape from the submerged vehicle, but driver Lacey was trapped inside and drowned.

Lee Creek Road is a public road running north-south in Crawford County, Arkansas, ending at the north bank of the Arkansas River. Defendant Bekaert Steel Wire Corporation owns the property west of the center line of this road, and the property immediately north of the site of Lacey's accident. Defendant Crawford County owns an 80-foot easement and right-of-way for Lee Creek Road running northward from the north bank of the Arkansas River, which was annexed to defendant City of Van Buren in May 1975.

In July 1976, the City of Van Buren issued bonds to raise capital for construction of a new industrial plant by Bekaert Steel Wire Corporation. The municipal bond agreement required Bekaert Steel Wire Corporation to maintain liability insurance against personal injury, death or property damage occurring in or about the plant. At the time of the Lacey accident, Bekaert Steel Wire Corporation had obtained this insurance from defendant CNA, a liability insurance carrier. The municipal bond agreement also provided that Bekaert Steel Wire Corporation indemnify the City. The land described in the agreement included the site of the Lacey accident and the road to the north thereof.

In February 1985, Lacey filed this diversity suit against the road authorities (Crawford County and the City of Van Buren), Bekaert Steel Wire Corporation, and its insurer, CNA, as well as other defendants. In October and December 1985, the district court entered summary judgment in favor of all four defendants.

## II. DISCUSSION.

### A. Road Authorities.

■ Lacey argues the district court erred in granting summary judgment in

---

[*] The HONORABLE THOMAS E. FAIRCHILD, United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

[1] The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

[2] For purposes of convenience, we shall jointly refer to the appellants in this action as "Lacey."

[3] Lacey asserts that the warning sign was less than 3/4 mile from the end of the road. The district court made no findings as to the placement of the sign; however, we dispose of this case without regard to this factual issue.

favor of Crawford County and the City of Van Buren based on the statutory immunity of local governments from tort liability. He contends the statutory scheme violates the equal protection clause of the fourteenth amendment by arbitrarily depriving a group of plaintiffs from access to judicial process.

Arkansas statutes generally provide that local governments are immune from tort liability, except that local governments must cover their own motor vehicles with liability insurance.[4] Under this exception, injured parties may recover against insurance carriers for damages caused by the negligent operation of government-owned motor vehicles under the "direct action" statute. Ark.Stat.Ann. § 66–3240 (Repl. 1980). There is no remedy in Arkansas for damages sustained as a result of other types of negligence by local governments, however. See Sturdivant v. Farmington, 255 Ark. 415, 500 S.W.2d 769 (1973). The Supreme Court of Arkansas has upheld this statutory scheme, recognizing the valid legislative purpose of making "government entities bear some responsibility for wrongs to individuals harmed by their negligence, but also [protecting] these same entities from exposure to high judgments which would destroy them." Thompson v. Sanford, 281 Ark. 365, 663 S.W.2d 932, 934 (1984).

The equal protection clause generally requires that the state give equal treatment to persons who are similarly situated, unless a rational basis exists for discriminating among them. Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); see generally Hulva v. Arkansas State Board of Dental Examiners, 277 Ark. 397, 642 S.W.2d 296, 297–98

(1982). If, however, the challenged statute contains a classification based upon a suspect criterion, see e.g., Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); McLaughlin v. Florida, 379 U.S. 184, 191–92, 85 S.Ct. 283, 287–89, 13 L.Ed.2d 222 (1964), or affects a fundamental interest, see e.g., Dunn v. Blumstein, 405 U.S. 330, 336–42, 92 S.Ct. 995, 1003, 31 L.Ed.2d 274 (1972); Shapiro v. Thompson, 394 U.S. 618, 629–31, 89 S.Ct. 1322, 1329–30, 22 L.Ed.2d 600 (1969), the state must show a compelling interest to sustain it. A legislative classification is not generally suspect unless it classifies by race, alienage or national origin. See City of Cleburne v. Cleburne Living Center, —— U.S. ——, 105 S.Ct. 3249, 3255, 87 L.Ed.2d 313 (1985).

The district court correctly reasoned that because the legislative classification of tort victims was not based upon a suspect criterion and the right to bring a tort suit against the government is not fundamental, the statutory scheme need only have an underlying rational basis. The district court upheld the scheme as a valid legislative effort to provide a method and manner of relief to some victims of governmental tortfeasors. We hold that the district court did not err in sustaining the statute as rationally related to a legitimate state interest.[5]

## B. Insurer.

▇▇▇ Lacey contends the district court erred in dismissing his direct action against CNA, claiming the City of Van Buren is "insured" by CNA. He concedes that the City is not a named insured in the CNA policy. However, he reasons that because

---

**4.** Act 165 of 1969 provides in pertinent part: [A]ll counties [and] municipal corporations * * * shall be immune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees.

* * * * * *

All political subdivisions shall carry liability insurance on all their motor vehicles in the minimum amounts prescribed in the Motor Vehicle Safety Responsibility Act * * *.

The statutory scheme provides further for the hearing and settlement of all tort claims against political subdivisions. Ark.Stat.Ann. §§ 12–2901–2903 (Repl.1979).

**5.** See Thompson v. Sanford, supra. We also note that this court has previously rejected a constitutional challenge to the Arkansas municipal immunity doctrine. Lumpkin v. City of Little Rock, 608 F.2d 291, 292 (8th Cir.1979) (per curiam).

Bekaert Steel Wire Corporation purchased the CNA liability insurance pursuant to its municipal financing agreement, the City chose to carry insurance.

The district court rejected Lacey's theory as without authority under Arkansas law. It reasoned that because the direct action statute, Ark.Stat.Ann. § 66–3240 (Repl. 1980), does not apply to insurance policies carried by private entities, such as Bekaert Steel Wire Corporation, *see Savage v. Spicer*, 235 Ark. 946, 362 S.W.2d 668 (1962), the narrow purpose of the statute serves only to permit direct action against insurance carriers issuing policies to enumerated immune organizations. The district court's determination concerning the law of the state in which it sits is entitled to considerable deference. *Parkerson v. Carrouth*, 782 F.2d 1449, 1451 (8th Cir.1986). We thus affirm dismissal of Lacey's direct action claim.

### C. Landowner.

 Lacey argues the district court erred in granting summary judgment in favor of Bekaert Steel Wire Corporation. Lacey asserts that Lee Creek Road existed for the sole benefit of Bekaert Steel Wire Corporation. He argues that Bekaert, as possessor of the property under and adjacent to the road, had a duty to erect dead end guardrails and warning devices at the river bank.

Lacey relies almost exclusively upon the Restatement (Second) of Torts in support of his argument. The general rule is that a possessor of land over which there is a public highway does not have a duty to travelers on the highway. Restatement (Second) of Torts § 349 (1965); *see generally Kopveiler v. Northern Pacific Railway Co.*, 280 Minn. 489, 160 N.W.2d 142, 144 (1968); *White v. Munro*, 241 Ark. 496, 408 S.W.2d 599, 600 (1966). However, he may be liable for "physical harm caused to travelers thereon by a failure to exercise reasonable care in creating or maintaining in reasonably safe condition any structure or other artificial condition created or maintained in the highway by him or for his sole

benefit * * *." Restatement (Second) of Torts § 350; *see generally Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir.1977); *Strange v. Bodcaw Lumber Co.*, 96 S.W. 152, 153–154 (Ark.1906).

The district court held that Bekaert had no duty of care with respect to Lee Creek Road because the road had been accepted for public use. In reviewing the district court's ruling that Bekaert was entitled to judgment as a matter of law, we must view the facts in the light most favorable to Lacey. *See Anselmo v. Manufacturers Life Insurance Co.*, 771 F.2d 417, 420 (8th Cir.1985). We agree with the district court that Lacey's claim against Bekaert Steel Wire Corporation is without merit. Lacey failed to show that Bekaert created or maintained any structure or artificial condition on Lee Creek Road. Nor did Lacey show that any such structure or artificial condition existed for Bekaert's sole benefit. Absent any such evidence, we must hold that Bekaert Steel Wire Corporation had no duty to install safety devices on the public road which ran across its property.

### III. CONCLUSION.

Accordingly, we affirm the summary judgments of the district court.