Jodine CARTER, Individually and as Executrix of the
Estate of J.C. Carter, Deceased *v.* Eddie BUSH, Earnest
Collard, and Commercial & Union Assurance Co., Shelter
Mutual Insurance Co., Southern Farm Bureau Casualty
Insurance Co., and State Farm Mutual Automobile
Insurance Co.

88-57                                    753 S.W.2d 534

Supreme Court of Arkansas
Opinion delivered July 18, 1988

*Daggett, Van Dover, Donovan & Cahoon,* by: *Robert J. Donovan,* for appellant.

*Chester C. Lowe, Jr.,* for appellee Commercial Union Assurance Company.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Beverly A. Rowlett,* for appellee State Farm Mutual Automobile Insurance Company.

*Matthews, Sanders, Liles & Sayes,* by: *Marci Talbot Liles,* for appellee Shelter Insurance Company.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Ralph R. Wilson,* for appellee Southern Farm Bureau Casualty Insurance Company.

STEELE HAYS, Justice. This is a second appeal, giving this court jurisdiction under Rule 29(1)(j). In the first appeal we reversed a ruling by the trial court that state employees are entirely immune from suit for negligence when acting in the performance of their official duties. We held that state employees are not immune from suit to the extent they may be covered by liability insurance, recognizing, however, that they were absolutely immune from individual liability. See *Carter* v. *Bush,* 283 Ark. 16, 677 S.W.2d 847 (1984). We remanded the case for further proceedings.

The facts are not disputed. Eddie Bush and Ernest Collard are officers of the Arkansas Highway Police. On the night of October 1, 1981, the officers were using a state patrol car equipped with blue strobe lights to inspect trucks on State Highway No. 1 near DeWitt to see that vehicle weights and permits were lawful. Corporal Bush, the senior officer, was in charge. At around 11:00 p.m. they had stopped a Riceland truck in the north bound lane and were weighing it with portable scales. The patrol car was also headed north and was stopped in the north bound lane some 65-70 feet behind the Riceland truck with its blue lights flashing. The truck lights were on and its four-way emergency lights were flashing.

The use of portable scales required a series of movements by the Riceland truck to enable its five axles to be weighed separately. One of the axles required additional inspection and Corporal Bush asked the driver to pull over as far as possible onto the three foot shoulder. As the Riceland driver began to do so, a Southern Rice Marketing truck approached from the north and at a considerable distance away, perhaps a quarter of a mile, turned on its four-way emergency lights and began stopping, coming to a halt in the lane opposite the Riceland truck. Thus, both lanes of the highway were blocked. Officer Collard testified the Southern Rice truck stopped on its own, not because he flagged it to stop. He began to examine the papers of the Southern Rice truck and at that point heard a loud noise at the rear of the Southern Rice truck. On investigating, the officers found that J.C. Carter, driving south, had collided with the rear of the Southern Rice truck, sustaining injuries from which he later expired. Both officers testified to a strong odor of beer and to the presence of several empty cans of beer in the Carter vehicle.

Mrs. Jodine Carter, widow of J. C. Carter, brought wrongful death claims against Officers Bush and Collard to the extent of coverage under policies which Bush and Collard had in force on their own personal automobiles. Alternatively, Mrs. Carter asked for the uninsured motorist proceeds under J.C. Carter's policy with Commercial Union Insurance Company. The trial court dismissed the action as to Bush and Collard pursuant to Ark. Code Ann. § 19-10-305 (1987) [Ark. Stat. Ann. § 13-1420 (Supp. 1985)], which bars suits against employees of state government acting in their official capacity. On the first appeal,

we saw the issue as being simply whether or not an action can be maintained against state employees covered under policies of liability insurance and, as mentioned, we answered in the affirmative.

While the case was pending in the trial court after remand, *Beaulieu* v. *Gray*, 288 Ark. 395, 705 S.W.2d 880 (1986), was decided. Mrs. Carter interpreted *Beaulieu* as holding that her cause of action could no longer proceed against Bush and Collard individually, so she moved to join their insurance carriers, Shelter Insurance Company and State Farm Mutual Insurance Company, asking for a declaratory judgment to determine whether the Shelter and State Farm policies provided protection under the circumstances of the case. Shelter and State Farm were brought into the law suit and they joined Southern Farm Bureau, Rice Marketing's carrier, by third party complaint.

Sitting as a jury, the trial court found that Bush and Collard were individually immune and that neither Shelter nor State Farm provided any liability coverage for the occurrence described in the complaint, that Mrs. Carter could not maintain a direct action against either carrier, and that the uninsured motorist coverage did not apply in this situation. The trial court dismissed the cause against all defendants and Mrs. Carter has appealed, alleging several points of error. We affirm.

I

The Trial Court Erred By Holding As A Matter Of Law That Neither Of The Liability Insurance Policies Provided Any Liability Coverage For The Occurrence Described In The Plaintiff's Complaint.

At the close of the testimony counsel for all parties were asked to submit briefs and the trial judge took the case under advisement. He later announced his decision and directed Shelter's attorney to submit a precedent to opposing counsel, who were given five days to object. The judgment as entered includes a finding that "neither of these insurance policies provide any liability coverage for the occurrence described in the plaintiff's complaint."

Appellant urges that the words "the occurrence described in the plaintiff's complaint" permit only one conclusion—that the trial court made no finding of fact on this issue, but concluded as a

matter of law that neither of the automobile insurance policies provided liability coverage to Bush and Collard.

We find nothing which sustains this contention and appellant points only to the bare wording of the judgment to sustain her argument. Nothing in the record, including the briefs to the trial judge, suggests that he intended to rule as a matter of law there was no coverage. We are not persuaded that because the judgment uses an abbreviated description of the facts pertinent to the coverage issue by referring simply to "the occurrence described in the plaintiff's complaint," thereby avoiding a more detailed recitation, it can be assumed the trial judge was ruling as a matter of law. Any uncertainty as to whether the judge was making a finding of fact or a conclusion of law could have been easily resolved by timely objection before the precedent was approved. If any question was raised by the appellant it is not in the record.

We conclude that the trial court did not hold as a matter of law that Officers Bush and Collard had no coverage under their policies, rather, on the facts of the case, he found there was no coverage. That finding was not clearly against the preponderance of the evidence, as the personal vehicles of Messrs. Bush and Collard were in no way involved in the incident.

The patrol car is not that easily disposed of, however, as Bush's coverage under the Shelter policy defined an automobile under the policy as including "any other motor vehicle used on the public highways operated by the insured in the performance of his duties as state highway patrolman or employee of a state highway patrol or similar agency of any state." Appellant insists that since the patrol car was being used to stop vehicles to determine weight and permit compliance, coverage should be found applicable under the Shelter policy. However, while it is clear the patrol car was used to stop the Riceland truck by flashing its blue strobe lights, there is no evidence that it was that instrumentality that operated to stop the Southern Rice truck. Officer Collard testified that the truck stopped on its own. Furthermore, the particular facts in this case would support a finding that any use of the patrol car was no more than an antecedent use, distinct from the harm which thereafter arose. See 12 *Couch on Insurance* 2d § 45:57 (rev. ed. 1981). We cannot say, therefore, that the finding of the

trial court that the collision did not arise out of the use of the patrol car was clearly against the preponderance of the evidence. ARCP Rule 52.

For the reasons just discussed, that the injury did not arise out of the use of the patrol car, it follows there was no coverage under the deceased's uninsured motorist coverage with Commercial, whose policy language was essentially the same as that in the Shelter policy.

Collard's coverage with State Farm had no specific coverage of the patrol car as did Bush's policy, but appellants point out that the State Farm policy covers "non-owned car," provided they are not owned by the insured or furnished or available for Collard's regular or frequent use. While it might well be assumed the patrol car was available for Collard's regular or frequent use, the record is altogether silent on that score. Appellant submits that State Farm has the burden of proof, so that a silent record inures to her benefit since an exclusion must be affirmatively pled by the insurer. But the "regular or frequent use" requirement is not an exclusion. Rather, it is a part of the clause defining coverage and State Farm's denial of Mrs. Carter's allegation of coverage places the burden on her. *Southern Farm Bureau Casualty Insurance Co.* v. *Fields*, 262 Ark. 144, 553 S.W.2d 278 (1977); *People Protective Life Ins.* v. *Smith*, 257 Ark. 76, 514 S.W.2d 400 (1974).

## II

The Trial Court Erred In Holding As A Matter Of Law That The Plaintiff Cannot Maintain A Direct Action Against Either Of The Liability Insurance Companies Under Ark. Code Ann. § 23-79-210 (1987).

As we have noted, in the original *Carter* v. *Bush* decision we held that an employee of the state is not immune from suit under § 23-79-210 (1987) to the extent that his or her acts are covered by liability insurance. That statute reads in part:

> Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.

In *Beaulieu* v. *Gray, supra,* we qualified the holding in *Carter* by stating that this statute is a grant of immunity, expressing disapproval of language in the *Carter* v. *Bush* opinion indicating that the statute is not a grant of immunity. The *Beaulieu* decision prompted the appellant to take the position that under *Beaulieu* an insurance carrier becomes the real party in interest and must be named defendant in accordance with our direct action statute, Ark. Code Ann. § 23-79-210 (1987).

■ Appellant misconstrues our holding in *Beaulieu.* It was not intended to enable a claimant to sue the carrier directly, nor to alter our holding in *Carter.* This was made clear by our decision in *Bly* v. *Young,* 293 Ark. 36, 732 S.W.2d 157 (1987). *Carter* and *Beaulieu* are distinguishable, as *Bly* points out, in that in *Beaulieu,* unlike *Carter,* there was no allegation that the defendants were covered by liability insurance. Additionally, *Beaulieu* was in reality a suit against the state. Our direct action statute is limited to the insurance carriers of cooperative non-profit organizations, municipalities, agencies or subdivisions of municipalities or of the state, improvement districts, school districts or other organization of any kind or character not subject to suit in tort. The statute makes no mention of individuals. *See Savage* v. *Spicer,* 235 Ark. 946, 362 S.W.2d 668 (1962); *Lacey* v. *Bekaert Steel Wire Corp.,* 619 F. Supp. 1234 (W.D. Ark. 1985).

■ The trial court noted, correctly, that while Bush and Collard are immune from tort liability as state employees, it is a qualified immunity and suit can be maintained against an employee to the extent the employee is protected by insurance. There is no occasion, therefore, for a direct action against the carrier.

### III

The Supreme Court's Original Decision In This Case Is The Law Of The Case And Should Have Been Followed By The Trial Court Notwithstanding Subsequent Decisions.

Appellant's final point is that the court erred by not following the law of the case as established in the first appeal of *Carter* v. *Bush.*

■ Appellant cites us generally to a number of our decisions announcing the familiar doctrine that earlier rulings which

have been affirmed or become final are res judicata and as such comprise the law of the case. See *Wilson* v. *Rodgers*, 256 Ark. 276, 507 S.W.2d 508 (1974); *International Harvester Co.* v. *Burks Motors, Inc.*, 252 Ark. 186, 481 S.W.2d 351 (1972); *Miller Lumber Co.* v. *Floyd*, 169 Ark. 473, 275 S.W. 741 (1925).

Appellant does not explain how the trial court failed to apply the law of the case and we are unable to discern that on our own. In *Carter I* we reversed the trial court's dismissal of the action as against Bush and Collard, holding that to the extent their alleged negligence was covered by liability insurance, they could be sued, though they were immune from any *individual* liability for their acts performed in the scope of their employment. *Beaulieu* v. *Gray, supra*, clarified our holding in *Carter*, as discussed earlier, and *Bly* v. *Young, supra*, reconciled and affirmed the holdings of both cases. In *Carter*, we made no attempt to determine whether the conduct of Bush and Collard was such that coverage under their policies was afforded. In fact, the opinion specifically provides:

> We do not decide in this opinion whether or not the appellees [Bush and Collard] were in fact negligent or whether their insurance policies would cover this situation if they were negligent. We are merely deciding whether or not the appellant can maintain an action against the appellees. We hold that she can. (At p. 283.)

For reasons stated, the judgment is

AFFIRMED.

GLAZE, J., not participating.