## NATIONAL SECURITY FIRE & CASUALTY COMPANY *v.* Henry POSKEY and Hon. Harold Erwin, Circuit Judge of Jackson County, Arkansas

91-344                                       828 S.W.2d 836

Supreme Court of Arkansas
Opinion delivered April 20, 1992

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford*, and *Brian Allen Brown*, for petitioner.

*David Hodges*, for respondent.

DONALD L. CORBIN, Justice. Petitioner, National Security Fire & Casualty Company, seeks a writ prohibiting the Jackson County Circuit Court from hearing a case wherein respondent, Henry Poskey, seeks a judgment declaring petitioner's insurance coverage of one Theron E. Spurlock. Respondent was injured in an automobile accident involving Spurlock. During the investigation of the accident, petitioner determined it may have a possible defense to Spurlock's coverage. Following this determination, respondent filed his complaint for a judgment declaring petitioner's coverage of Spurlock and requiring petitioner to defend any cause of action filed against Spurlock. Petitioner filed a motion to dismiss on grounds that respondent did not have standing to maintain the suit, that the complaint did not state a claim for which relief could be granted, and that the court lacked subject matter jurisdiction. After a hearing on the motion, the trial court entered an order summarily denying the motion to dismiss.

Ordinarily, a petition for a writ of prohibition is not the proper remedy for the failure of a trial court to grant a motion to dismiss. *Farm Bureau Mut. Ins. Co. of Ark. v. Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983). A writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. *Miller v. Lofton*, 279 Ark. 461, 652 S.W.2d 627 (1983). There is no doubt that a circuit court has proper subject matter jurisdiction to hear a declaratory judgment action concerning insurance coverage. The propriety of hearing such a case, especially when it appears that no cause of action exists or that not all the parties to the insurance contract have been made parties to the suit, is a distinctly different issue and one that is not addressed by a writ of prohibition, for the writ is issued only to prevent a court from exceeding its jurisdiction, rather than to prevent it from erroneously exercising its jurisdiction. *Abernathy v. Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988).

■    Petitioner concedes that the circuit court has proper subject matter jurisdiction of a declaratory judgment action, but argues that we should issue the writ because injured parties are not permitted to sue their non-immune tortfeasors' insurance carriers directly. Petitioner relies on our direct action statute, Ark. Code Ann. § 23-79-210 (1987). We agree that our direct action statute does not allow injured parties to sue their non-immune tortfeasors' insurance carriers directly until the injured party has obtained a judgment against the tortfeasor and the judgment remains uncollected after thirty days. *See* Ark. Code Ann. § 23-89-101(b) (1987); *see also Carter* v. *Bush*, 296 Ark. 261, 753 S.W.2d 534 (1988), and *Savage* v. *Spicer*, 235 Ark. 946, 362 S.W.2d 668 (1962). However, this is not a direct action by respondent against petitioner to determine Spurlock's liability. Thus, the foregoing authorities do not prohibit the circuit court's hearing respondent's complaint for declaratory judgment.

As the circuit court has subject matter jurisdiction of the declaratory judgment action, we deny the petition for a writ of prohibition. Petitioner has an appellate remedy for any error that occurs in the declaratory judgment action.

■■    In denying petitioner's request, we do not ignore the exception to the rule enunciated in *Southall, supra*. In *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 17, 727 S.W.2d 840, 842 (1987), we stated that although a writ of prohibition is ordinarily only granted in cases where the lower court is without jurisdiction, a writ will be issued "when subject matter is properly in the lower court if the facts are undisputed and the writ is clearly warranted." The latter elements of the exception, as stated in *Fore, supra*, and *Miller, supra*, are not present in the instant case. Petitioner admits to a possible coverage defense that it may or may not assert; Spurlock, the alleged insured, is not a party to the action; and petitioner has a right to appeal any declaration that the circuit court makes. The writ of prohibition is such an extraordinary writ that it will not be issued in a case where neither the rule nor the exception permits its issuance.

The petition for writ of prohibition is denied.

GLAZE, J., not participating.