## STATE of Arkansas *v.* CIRCUIT COURT OF LINCOLN COUNTY

CR 98-855                                                    984 S.W.2d 412

Supreme Court of Arkansas
Opinion delivered January 21, 1999

*Winston Bryant*, Att'y Gen., by: *O. Milton Fine II*, Special Deputy Prosecuting Att'y, Eleventh Judicial Circuit—West, for petitioner.

*Sam T. Heuer*, for Murray F. Armstrong.

ROBERT L. BROWN, Justice.

ROBERT L. BROWN, Justice. The State of Arkansas, as petitioner, prays that this court grant its petition for a writ of prohibition or, alternatively, writ of certiorari, directing the Circuit Court of Lincoln County to dismiss Murray Armstrong's petition for Rule 37 relief. We grant the petition and direct that the writ of prohibition be issued.

Murray Armstrong was charged with multiple counts of theft of property and forgery in Lincoln, Bradley, and Cleveland Counties. Each county is part of a separate judicial district. Lincoln County is part of the Eleventh Judicial District West, Bradley County is part of the Tenth Judicial District, and Cleveland County is located in the Thirteenth Judicial District. On June 11, 1997, the State through the prosecutor of the Eleventh Judicial

District West and Armstrong moved to transfer the charges filed against Armstrong in Lincoln County Circuit Court to Cleveland County Circuit Court in the Thirteenth Judicial District.[1] This motion to transfer was apparently filed pursuant to Ark. R. Crim. P. 28.4, though that rule is not specifically cited. An order granting the transfer of the Lincoln County charges was entered that same date by Special Judge John Cole, who had been assigned to the Lincoln County Circuit Court after the regular judges recused.

On June 12, 1997, Armstrong and the prosecuting attorneys for the Tenth, Eleventh West, and Thirteenth Judicial Districts executed a Statement of Plea wherein Armstrong acknowledged that he faced twenty-two counts of theft of property in Lincoln County. As part of the Statement of Plea, Armstrong specifically waived speedy-trial considerations for the charges filed in the three circuit courts in the three judicial districts. With respect to the twenty-two counts filed in Lincoln County, Armstrong pled guilty to seventeen counts, and five counts were nolle prossed by the prosecuting attorney.

On August 5, 1997, a judgment and commitment order was entered by the Cleveland County Circuit Court for the Lincoln County charges. That judgment noted a "change of venue" from Lincoln County to Cleveland County and provided for a sentence for all offenses of 1020 months. On October 14, 1997, Armstrong filed separate petitions for Rule 37 relief in Lincoln, Cleveland, and Bradley Counties. One of the grounds for relief asserted in the Rule 37 petition filed in Lincoln County Circuit Court is that the Cleveland County Circuit Court did not have jurisdiction to impose a sentence for charges emanating from Lincoln County because that county is outside the territorial boundaries of the Thirteenth Judicial District. As a result, Armstrong prayed that the Lincoln County convictions be set aside and vacated.

On June 19, 1998, the State moved to dismiss the Rule 37 petition filed in Lincoln County Circuit Court for the reason that

---

[1] Because the State's petition for prohibition is only directed to the Lincoln County Circuit Court, we need not discuss the facts surrounding the Bradley County charges.

that court neither convicted nor sentenced Armstrong and, thus, lacked jurisdiction over the petition for postconviction relief. The motion was denied by Special Judge Cole on July 7, 1998. On July 14, 1998, the State filed a petition for writ of prohibition, or, alternatively, certiorari, in which it contended that under Ark. R. Crim. P. 37.1(d), a person seeking Rule 37 relief may only do so by filing a petition "[i]n the court which imposed the sentence." It is that petition which we now consider in this opinion.

■ ■ A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra*; *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994) (*quoting National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993).

■ Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *State v. Watson*, 307 Ark. 333, 820 S.W.2d 59 (1991). Here, the question raised is whether Lincoln County Circuit Court, which was not the sentencing court, has jurisdiction to decide a Rule 37 petition for postconviction relief. We conclude that it does not.

■ ■ The controlling rule is Ark. R. Crim. P. 37.1(d), which reads:

> A petitioner in custody under sentence of a circuit court claiming a right to be released, . . . or . . .
>
> (d) that the sentence is otherwise subject to collateral attack; may file a verified petition *in the court which imposed the sentence*, praying that the sentence be vacated or corrected. (Emphasis added.)

The Rule 37 petition in the instant case manifestly was not filed in the sentencing court. We view this as a fact not in dispute. As

described above, the Lincoln County charges were transferred to Cleveland County Circuit Court, which sentenced Armstrong on those charges and entered judgment against him. Filing the petition in Lincoln County Circuit Court violates the clear terms of the Rule, and we hold that that court, not being the sentencing court, is wholly without jurisdiction to hear and decide the matter.

Furthermore, we consider the requirement of Rule 37.1(d) that the sentencing court hear petitions for postconviction relief to make perfect sense. It is the sentencing court that is familiar with the history of the case and the proceedings that resulted in the conviction and sentence. Accordingly, that is the court which should be deciding postconviction petitions.

Armstrong claims, however, that a writ of prohibition cannot lie following the denial of a motion to dismiss. We give this argument little credence. To be sure, a writ of prohibition is not the proper remedy for appealing the issue of whether a trial court erred in denying a motion to dismiss. *See West Memphis Sch. Dist. No. 4 v. Circuit Court, supra.* But the writ is always appropriate when a trial court is operating wholly without jurisdiction to do so.

In sum, the Judgment and Commitment Order for the Lincoln County charges was entered by the Cleveland County Circuit Court. That court, according to the judgment, was the sentencing court — not the Lincoln County Circuit Court — and that decides the jurisdictional issue.

Armstrong goes farther, though, and contests whether the Cleveland County Circuit Court in the Thirteenth Judicial District had subject-matter jurisdiction to hear the Lincoln County charges under the Arkansas Constitution, state statutes, and this court's caselaw, despite his waiver of venue. He makes a valid point about a circuit court's doubtful jurisdiction over charges filed outside of the territorial boundaries of the court's judicial district. *See* Ark. Const. art. 2, § 10; Ark. Code Ann. § 16-13-210 (1987); *Waddle v. Sargent,* 313 Ark. 539, 855 S.W.2d 919 (1993). *See also Kemp v. State,* 324 Ark. 178, 919 S.W.2d 943 (1996); *Davis v. Reed,* 316 Ark. 575, 873 S.W.2d 524 (1994). But

his argument does not really assist him in withstanding the prohibition petition.

Article 2, section 10, of the Arkansas Constitution provides that:

> In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed; provided that the venue may be changed to any other county of the judicial district in which the indictment is found . . . .

Ark. Const. art. 2, § 10. State statutes are in a similar vein. *See, e.g.,* Ark. Code Ann. § 16-13-210 (1987). Section 16-13-210 provides that a circuit judge who is "physically present in the geographical area of the judicial district which he serves as judge" may adjudicate any matter over which he or she presides.

This court has held that disposition of a criminal charge which occurs outside the territorial boundaries of the judicial district in which the charge was brought is void. *See, e.g., Waddle v. Sargent, supra.* In *Waddle,* the defendant was charged in Faulkner County Circuit Court with rape and capital murder. Faulkner County is located in the Twentieth Judicial District. After the judge for that circuit court disqualified from the case, a special judge from the Eleventh Judicial District was assigned to hear the case. A plea hearing, where the defendant pled guilty, was then conducted in Arkansas County which was located in the Eleventh Judicial District. The judge sentenced the defendant to life in prison. In deciding the jurisdictional question, we first observed that we have consistently held that a circuit judge may only act in a criminal case when that judge is "within the geographical area of the judicial district in which the charge is filed." *Id.* at 542, 855 S.W.2d at 920. We went on to say that while a defendant in a criminal case may waive venue within the territorial boundaries of a judicial district, a defendant may not do so where charges have been filed in a county outside of those boundaries. We held that such an extraterritorial order by a circuit judge in a criminal case was void, and that jurisdiction for such an order could not be waived or conferred by consent.

Similarly, in *Kemp v. State, supra*, we noted that if the allegation of a charging instrument is that the offense occurred outside the territorial boundaries of the court, then a judgment rendered by that court would be void, because a criminal trial must be held in the county in which the crime was committed. We added that upon the request of the accused, venue may be changed, but only to another county within the judicial district in which the indictment is filed. *See also Davis v. Reed, supra.*

■ ■ From the Arkansas Constitution, state statutes, and this line of cases, it is clear that any judgment by a circuit court outside of the judicial district where the charges are filed is void. Furthermore, this lack of jurisdiction, unlike venue within a judicial district, cannot be waived. Thus, if the Cleveland County Circuit Court's judgment is void vis-á-vis the Lincoln County charges, there was no conviction or sentence in Cleveland County Circuit Court regarding the Lincoln County charges. It appears elementary to us and beyond serious dispute that postconviction relief is unavailable when the judgment of conviction and sentence at issue is void. Though not the rationale posited by the State, this appears to be another valid reason to grant the petition for prohibition. The effect of our decision today on the viability of the Lincoln County charges is not before us, and we do not reach that issue. We do observe, however, that in the Statement of Plea relative to the Lincoln County charges that Armstrong waived all speedy-trial considerations concerning those charges.

As a final point, we emphasize that the Cleveland County Circuit Court's judgment regarding the Cleveland County charges is not affected by this decision.

Petition for writ of prohibition granted.

IMBER and SMITH, JJ., concur.

A NNABELLE CLINTON IMBER, Justice, concurring. I agree with the majority's holding that the Lincoln County Circuit Court, not being the sentencing court, is wholly without jurisdiction to hear and decide Mr. Armstrong's Rule 37 petition for postconviction relief under the clear terms of that Rule. Nothing more need be said. However, the majority goes on

to address Mr. Armstrong's contention that the Cleveland County Circuit Court in the Thirteenth Judicial District did not have subject-matter jurisdiction to hear the Lincoln County charges under the Arkansas Constitution, state statutes, and this court's case law.

I do not believe that it is necessary to address this contention in order to resolve the issue presented by the State's petition for writ of prohibition, that is whether the Lincoln County Circuit Court has jurisdiction to hear and decide Mr. Armstrong's Rule 37 petition. Whether or not the Cleveland County Circuit Court had subject-matter jurisdiction to hear the Lincoln County charges has no impact on our decision in this matter. If we were to conclude that the Cleveland County Circuit Court had jurisdiction to hear the Lincoln County charges, then the Cleveland County Circuit Court would be the sentencing court under Rule 37.

On the other hand, if we were to conclude that Cleveland County Circuit had no such jurisdiction, as the majority suggests, there would be no sentencing court for the Lincoln County charges. In either event, the Lincoln County Circuit Court has no jurisdiction to hear and decide Mr. Armstrong's Rule 37 petition. Furthermore, by addressing Mr. Armstrong's contention that the Cleveland County Circuit Court lacked subject-matter jurisdiction to hear the Lincoln County charges, the majority prematurely decides the merits of his Rule 37 petition. We should refrain from going beyond the State's petition for a writ of prohibition against the Lincoln County Circuit Court.

For these reasons, I concur with the majority in granting the petition for writ of prohibition under the express terms of Rule 37, but I do not join in the majority's unnecessary and premature resolution of the Cleveland County Circuit Court's jurisdiction to hear the Lincoln County charges.

Smith, J., joins in this concurrence.