Murray F. ARMSTRONG *v.* Larry NORRIS,
Director of the Arkansas Department of Correction,
and M.D. Reed, Warden of the Cummins Unit of
the Arkansas Department of Correction

CR 98-1325                                       989 S.W.2d 157

Supreme Court of Arkansas
Opinion delivered April 8, 1999

*Thurman, Lawrence & Heuer, P.L.C.*, by: *Sam T. Huer*, for appellant.

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

W H. "DUB" ARNOLD, Chief Justice. Appellant, Murray F. Armstrong, filed a petition for writ of habeas corpus in Lincoln County, the county where he is currently being held at the Arkansas Department of Correction's Cummins Unit. Pursuant to Ark. R. Civ. P. 12(b)(8), the Lincoln County Circuit Court denied appellant's petition. In the instant appeal, Armstrong first argues that the trial court erred in dismissing his petition. Second, he requests that this court grant the petition. In light of our recent opinion relating to this matter, we reverse and remand. *See State v. Circuit Court of Lincoln County*, 336 Ark. 122, 984 S.W.2d 412 (1999).

## Facts

Appellant was charged with multiple counts of theft of property and forgery in Lincoln, Bradley, and Cleveland Counties. Significantly, each county is located in a separate judicial district. On June 11, 1997, the State moved to transfer Armstrong's Lincoln County charges to the Cleveland County Circuit Court. Special Judge John Cole granted the transfer. Ultimately, on August 5, 1997, the Cleveland County Circuit Court entered a judgment and commitment order on the Lincoln County charges.

Following his convictions, Armstrong filed identical Rule 37 petitions in Lincoln, Bradley, and Cleveland Counties. On June 19, 1998, the State moved to dismiss the Lincoln County Rule 37 petition, but Judge Cole denied that motion on July 7, 1998. Consequently, the State filed a petition for writ of prohibition. Upon reviewing the petition, this court concluded that the Cleveland County court's judgment and commitment order, albeit related to Lincoln County charges, made the Cleveland County court the "sentencing court." *Circuit Court of Lincoln County*, 336

Ark. at 126, 984 S.W.2d at 414. We also noted that although venue may be waived, jurisdiction may not. Indeed, venue may be changed only to another county within the judicial district in which the indictment was filed. Granting the State's writ of prohibition, we reasoned that the Cleveland County court's judgment was void, *vis-à-vis* the Lincoln–County charges, and postconviction relief was unavailable when the judgment of conviction and sentence were void.

Following his convictions, Armstrong also filed a petition for writ of habeas corpus with the Lincoln County Circuit Court that is the subject of the instant appeal. In a letter opinion filed May 15, 1998, Judge Cole referenced Armstrong's three identical Rule 37 petitions pending in Lincoln, Bradley, and Cleveland Counties, and he suggested that the Rule 37 petitions alleged the same basis for relief as the habeas corpus petition, namely, that the committing court lacked jurisdiction. Accordingly, pursuant to Ark. R. Civ. P. 12(b)(8), the Lincoln County Circuit Court dismissed the petition for writ of habeas corpus because the Rule 37 and habeas corpus petitions involved "different actions between the same parties arising out of the same transactions or occurrence alleging the same factual breach of duties and responsibility and praying for the same relief." From this dismissal, comes the instant appeal.

*Habeas corpus petition*

■ ■ We permit review of habeas corpus proceedings only by appeal. *In re Review of Habeas Corpus Proceedings*, 313 Ark. 168, 852 S.W.2d 791 (1993). Here, the record clearly indicates that the Lincoln County Circuit Court denied appellant's petition for writ of habeas corpus on the basis of Ark. R. Civ. P. 12(b)(8), which provides a defense based upon the "pendency of another action between the same parties arising out of the same transaction or occurrence." Here, however, we first note that Armstrong filed the habeas corpus petition before he filed his Rule 37 petition. Therefore, the Rule 37 petition was not pending when the habeas corpus petition was filed.

■ Second, Armstrong properly filed the habeas corpus petition in Lincoln County, the county where he is incarcerated.

We recognize a distinction between a petition for habeas corpus and a petition for postconviction relief, and we also acknowledge that the efficacy of a petition for writ of habeas corpus is guaranteed by Article 2, Section 11, of the Constitution of Arkansas. *See Waddle v. Sargent*, 313 Ark. 539, 544, 855 S.W.2d 919, 922 (1993). Here, the purpose of Armstrong's habeas corpus petition was to allege that he was being held in Lincoln County without lawful authority.

In any event, given our holding in *Circuit Court of Lincoln County*, Rule 12(b)(8) could not provide a basis for dismissing the habeas corpus petition because the Lincoln County Circuit Court was not the sentencing court as to the Lincoln County charges. *See Circuit Court of Lincoln County*, 336 Ark. at 126, 984 S.W.2d at 414. In light of the foregoing, we hold that appellant's petition for writ of habeas corpus is not procedurally barred, and we reverse and remand.