Russell SIMS *v.* PRESCOTT FEED MILLS, INC.

84-287.                                688 S.W.2d 743

Supreme Court of Arkansas
Opinion delivered May 6, 1985

*Wilson, Walker & Short, P.A.*, by: *Charles M. Walker*, for appellant.

*Pedigo & Jontz, P.A.*, by: *Jim Pedigo*, for appellee.

ROBERT H. DUDLEY, Justice. The single issue in this case involves service of process. The defendant and his brother lived in the same dwelling. A deputy sheriff attempted to complete service of process by handing a copy of the summons and of the complaint to the defendant's brother, not at their dwelling, but at the law offices of the plaintiff's attorney. The trial court held that the purported substituted service of process was valid. We reverse. Jurisdiction to interpret the rules of civil procedure is in this Court. Rule 29(1)(c).

ARCP Rule 4(d)(1) provides, among other things, that one form of substituted service may be had by leaving a copy of the summons and of the complaint at the defendant's "dwelling house or usual place of abode with some person residing therein who is at least fourteen years of age. . . ." Substituted service is a departure from the common law, and rules or statutes providing for it are mandatory and to be complied with exactly. *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). The undisputed proof shows the purported service was attempted at an attorney's office and not at the defendant's dwelling. The rule providing for substituted service was not complied with, and the service is void.

This construction of our substituted service rule is not arbitrary. All rules are framed and construed with a view to their general operation. Our rule was framed and is now construed as being the most certain mode of conveying actual notice to an

absent defendant. Under our construction the general operation will be for the other resident to leave the suit papers at the dwelling for the defendant. The opposite would be true if service would be allowed at some other place. This case provides a good example, for here, the papers were left at the plaintiff's attorney's office, and the defendant never saw them.

Reversed and remanded for entry of orders consistent with this opinion.