Curtis Jason GREEN *v.* The Honorable William Pickens MILLS, White County Circuit Judge Paul W. Howell and Lori Howell

99-420                                                   4 S.W.3d 493

Supreme Court of Arkansas
Opinion delivered November 18, 1999

*Hodges & Hodges,* by: *David Hodges,* for petitioner.

*The Stanley Law Firm, P.A.,* by: *James W. Stanley, Jr.*; and *Gregory Ferguson,* for respondents.

ROBERT L. BROWN, Justice. Petitioner Curtis Jason Green petitions this court to issue a writ of prohibition to the circuit court on the grounds that that court lacks personal jurisdiction over him due to failure of the plaintiffs to effect personal service of process. We deny the petition. We further deny the respondents' motions to dismiss or quash Curtis Green's petition for a writ of prohibition because they are moot.

On September 18, 1997, respondents Paul W. Howell and Lori Howell filed a complaint against Curtis Green and his father, Dr. Terry Green, for injuries arising out of an automobile accident that occurred two years earlier on July 5, 1995. The Howells alleged that Curtis Green was negligent in the operation of his father's vehicle and that Dr. Green, as the owner of the vehicle, was jointly liable.

On October 27, 1997, service of the Howells' complaint and a summons was personally had on Dr. Green at his home in Yell County. At the same time, service of the complaint and summons for Curtis Green was also effected on Dr. Green. At the time of this latter service of process, Curtis Green was age 17 and attending boarding school at Missouri Military School in Mexico, Missouri.

On November 4, 1997, Curtis Green and Dr. Green filed an answer and asserted defenses including insufficiency of process. On March 11, 1998, summary judgment was entered in favor of Dr. Green. On January 15, 1999, Curtis Green moved to dismiss the Howells' complaint due to insufficient service of process under Ark. R. Civ. P. 4(d) and because the statute of limitations had now run. On March 22, 1999, the trial court entered an order denying Curtis Green's motion to dismiss, primarily for the reason that substituted service on Dr. Green was effective service for Curtis Green under Rule 4(d)(2). Curtis Green now files this petition for writ of prohibition for the same reasons set out in his motion to dismiss before the trial court.

## I. Propriety of Prohibition

■ It is essential, initially, for this court to examine whether prohibition is the appropriate remedy. We first observe that Curtis Green has named the individual judge and the Howells as respondents to his petition. That is incorrect. Prohibition lies to the circuit court and not to the individual judge. *See The Travelers Insur. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997); *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997); *Lee v. McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992). Accordingly, we will treat the petition as one against the circuit court. *See Ford v. Wilson, supra.*

■ We recently set out the requirements for a writ of prohibition:

> A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra*; *West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994) *(quoting National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993).

*State v. Circuit Court of Lincoln County*, 336 Ark. 122, 125, 984 S.W.2d 412, 414 (1999).

■ We have further made it clear that prohibition is not an appropriate remedy where there are disputed facts for the trial court to resolve. *See Nucor-Yamato Steel v. Circuit Court*, 317 Ark. 493, 878 S.W.2d 745 (1994). Curtis Green acknowledges that where his "usual place of abode" and "dwelling house" were in October 1997 for purposes of Rule 4(d) may represent a disputed issue of fact because he was in boarding school in Missouri at the time. He concedes, however, that for purposes of his petition and Rule 4(d) his father's home was his usual place of abode and dwelling house.

■ The question then arises as to whether lack of service of process and, thus, personal jurisdiction in the circuit court consti-

tutes grounds for prohibition. We have held that a complete lack of service of process can give rise to the issuance of a writ of prohibition. *See Gillioz v. Kincannon*, 213 Ark. 1010, 214 S.W.2d 212 (1948). In *Gillioz*, the defendants were nonresidents of the state, and constructive service was had on them by appointing the Secretary of State as their agent for service of process and serving the Secretary of State. The legislative act permitting constructive service was passed after the alleged negligence of the defendants, which led to the lawsuit. There was, therefore, no law in effect permitting *in personam*jurisdiction in the circuit court at the time of the defendants' alleged negligence, and we granted the writ.

■ Similarly, Curtis Green in the instant case petitions on the basis that the circuit court never obtained personal jurisdiction over him. We hold that this is a proper ground for consideration of a prohibition writ.

## *II. Merits of the Case*

The precise rules at issue in this case are Ark. R. Civ. P. 4(d)(1) and 4(d)(2), which read:

> (d) *Personal Service Inside the State.* A copy of the summons and of the complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> (1) Upon an individual, other than an infant by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons.
>
> (2) When the defendant is under the age of 14 years, service must be upon a parent or guardian having the care and control of the infant, or upon any other person having the care and control of the infant and with whom the infant lives. *When the infant is at least 14 years of age, service shall be upon him.* (Emphasis added.)

The thrust of Curtis Green's contention before the trial court in his motion to dismiss, and before this court in his petition for prohibi-

tion, is that Rule 4(d)(2) plainly states: "When the infant is at least 14 years of age, service shall be upon him." That was precisely his situation in October 1997, he contends, and the only means of effecting service upon him under the clear language of Rule 4 (d)(2) was by personal service.

■ In support of his position, Curtis Green directs our attention to our rules of statutory construction. He urges that the same canons of construction which are applicable to statutory construction should apply to interpretation of this court's rules. The plain-meaning rule controls this case, he argues, and this court has defined plain meaning as follows:

> The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Locke v. Cook*, 245 Ark. 787, 793, 434 S.W.2d 598, 601 (1968).

*Kildow v. Baldwin Piano & organ*, 333 Ark. 335, 339, 969 S.W.2d 190, 192 (1998). He further maintains that the statutory and regulatory service-of-process requirements are in derogation of common law. As such, they are mandatory and must be complied with strictly. *See Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996); *Sims v. Prescott Iced Milk, Inc.*, 286 Ark. 22, 688 S.W.2d 743 (1985); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978). He adds that where attempted service is invalid, any judgment arising therefrom is void. *See Carruth v. Design Interiors, Inc., supra.*

■ The petitioner omits two important canons of statutory and regulatory construction from his discussion. The first is that this court does not engage in interpretations that defy common sense and produce absurd results. *See Haase v. Starnes*, 323 Ark. 263, 915 S.W.2d 675 (1996). The second is that in construing statutes, as well as our rules, we look to the language under discussion in the context of the statute as a whole. *See Steward v. McDonald*, 330 Ark. 837, 958 S.W.2d 297 (1997); *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997).

■ Curtis Green would have this court interpret Rule 4(d)(2) so as to carve out a unique exception for defendants between the ages of 14 and 18 and disallow substituted service on persons in the household for this limited range of people. Rule 4(d)(1) provides that service of process for an adult may be accomplished by leaving a copy at the adult's dwelling or usual place of abode with someone who is at least age 14. Rule 4(d)(2) provides that service for a defendant under age 14 must be upon the parent or guardian or any other person having the care and control of that defendant. It would be nonsensical to read our rules to say that only for those defendants between the ages of 14 and 18 is personal service absolute and substituted service is disallowed. Moreover, the fact that defendants in this age group may be served by mail cuts against Curtis Green's position that only service in person is allowed. *See* Ark. R. Civ. P. 4(d)(8).

■ There is, too, the fact that there is a reasonable interpretation for the statement regarding personal service in Rule 4(d)(2) for those defendants between the ages of 14 and 18. Those defendants are to be served personally, but this statement is not intended to eliminate substituted service on a parent, guardian, or one having the care and control of that defendant. Of course, that is precisely what occurred when Dr. Green was served on behalf of his son. Reporter's Note 6 to Ark. R. Civ. P. 4(d)(2) lends credence to this interpretation. Reporter's Notes are not precedent for this court but may offer some guidance as to a rule's meaning. Reporter's Note 6 supports substituted service for defendants between the ages of 14 and 18 by allowing service upon the parent, guardian or other person having the care and control of that defendant. This differs from the substituted service permitted for adults which is provided under Rule 4(d)(1). We hold that Reporter's Note 6 is a reasonable interpretation of our rule concerning substituted service of process on those persons between the ages of 14 and 18.

Curtis Green does offer authority from other jurisdictions, but in reading those cases, they are distinguishable and offer no guidance in interpreting this court's own rules. *See Brooks v. Young*, 467 S.E.2d 230 (Ga. App. 1996) (Georgia statute does not distinguish minors older or younger than age 14 and actually provides for substituted service); *Allied American Ins. Co. v. Ayala*, 616 N.E.2d 1349 (Ill. App. 2d Dist. 1993) (whether minor was over or under age 14 difficult to ascertain from opinion and no summons was

issued for the minor); *Flint v. Baker*, 189 So.2d 654 (Fla. 1966) (statute at issue in the case has been repealed).

In short, we uphold service of process on Curtis Green in this case. Accordingly, we need not address the other issues raised in this appeal. The petition for writ of prohibition is denied. The respondents' motions to dismiss or quash the petition are moot.