The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022-4025
Dear Senator Broadway:
I am writing in response to your request for my opinion on the following questions:
 1. If a student is accepted by a non-resident district according to the provisions of the School Choice Act and begins attending school in the non-resident district, then during the course of the school year wishes to return to school in the resident district, please respond to the following:
 a. Does the student's resident status in the resident district supersede the provisions of the School Choice Act and may the student return to classes in the resident district or the non-resident district?
 b. If the answer to a. is "no," please consider this question: Since the student has been accepted by the non-resident district and is now legally a student in the non-resident district, and since the option of transferring back to the resident district under the School Choice Act is not available because the July 1st deadline for application has passed, must the parents of the student (or the student if he/she is age 18 or above) seek a return to the resident district by obtaining a legal transfer?
 c. If the student may not transfer back to the resident district under either a. or b. above, please indicate if it is even possible for the student to transfer back to the resident district during the course of the school year, and if so, how may this be accomplished?
 2. If a student has been accepted for enrollment in a non-resident district in accordance with the School Choice Act and wishes to return to school in the resident district either during the current year or in subsequent years, please respond to the following:
 a. Section (a)(5) states, "a public school choice program is hereby established to enable any student to attend a school in a district in which the student does not reside, subject to the restrictions contained in this section." Given this language, is it even possible for the student to return to school in the resident district under the School Choice Act since he/she has been previously accepted under School Choice to attend school and is legally a student in the non-resident district?
 b. If the answer to a. above is "no," would the parents of the student (or the student) have to seek a legal transfer to return to school in the resident district?
 3. If a student has been accepted by a non-resident district under the School Choice Act and, after completion of the first year the student wishes to continue attending school in the non-resident district in successive years, must a new school choice application be submitted and must the non-resident district take action to accept the student each and every year that the student attends school there, or is the action by the non-resident district to accept the student in the first year sufficient, with no further action being necessary by the non-resident district in successive years to allow the student to continue attending school in the non-resident district?
 RESPONSE
In my opinion, with respect to Question One (a), the School Choice Act, A.C.A. § 6-18-206 (Supp. 2005), does not address this issue. Legislative clarification is warranted. In the absence of such clarification, it is arguable that a student enrolled in a non-resident receiving district under the provisions of the School Choice Act could return to his or her resident district at any point during a school year, though I am unable to reach a definite conclusion in this regard. As a consequence, it is unnecessary to address Questions One (b) and (c). Your second question is somewhat unclear in that it does not specify how Question Two (a) is distinct from Question One (a). To the extent that Question Two (a) refers to whether a student may return to his or her resident district during the school year, I refer to my response to Question One. To the extent that Question Two (a) refers to whether or not a student may return to his or her resident district between school years, in my opinion nothing would prevent a student from returning to his or her resident district between school years. Consequently, it is unnecessary to answer Question Two (b). With respect to Question Three, in my opinion there is no requirement under the School Choice Act to submit a new application each year. Op. Att'y Gen.2001-088. The School Choice Act, however, provides that each school district may establish "renewal procedures" for non-resident students enrolled in the district, A.C.A. § 6-18-206(b)(1)(B)(iii)(b) (Supp. 2005); in my opinion, there is nothing that would prohibit a district from requiring annual applications as part of the aforementioned "renewal procedures."
Question One: If a student is accepted by a non-resident districtaccording to the provisions of the School Choice Act and beginsattending school in the non-resident district, then during the course ofthe school year wishes to return to school in the resident district,please respond to the following:
 a. Does the student's resident status in the resident district supersede the provisions of the School Choice Act and may the student return to classes in the resident district or the non-resident district?
In my opinion, the School Choice Act fails to address this issue. Legislative clarification or judicial interpretation is warranted. Absent such clarification or interpretation, I am unable to reach a definite conclusion in this regard. It is arguable that a student who has enrolled in a non-resident receiving district pursuant to the provisions of the School Choice Act may return to his or her resident district in the middle of a school year based on a variation of the statutory interpretation maxim, "expressio unis est exclusioalterius." However, this argument is not strong enough for me to reach a definite conclusion in this regard. I am uncertain as to the meaning of the second part of Question One (a) regarding whether a student may return to classes in the non-resident district. Clearly, the student may continue to attend the non-resident district in which he or she enrolled; however, it is unlikely that a student could enroll in and attend the non-resident district, return to his or her resident district if that is at all possible, and then try to return to the non-resident district within the same school year.
The School Choice Act states in pertinent part:
 (a)(1) This section may be referred to and cited as the "Arkansas Public School Choice Act of 1989".
 * * * (4) The General Assembly therefore finds that these benefits of enhanced quality and effectiveness in our public schools justify permitting a student to apply for admission to a school in any district beyond the one in which the student resides, provided that the transfer by this student would not adversely affect the desegregation of either district.
 * * * (b)(1)(A) Before a student may attend a school in a nonresident district, the student's parent or guardian must submit an application on a form approved by the Department of Education to the nonresident district by submitting the application to the superintendent of the school district. This application must be postmarked not later than July 1 of the year in which the student would begin the fall semester at the nonresident district.
 (B)(i) Within thirty (30) days of the receipt of an application from a nonresident student seeking admission under the terms of this section, the superintendent of the nonresident district shall notify the parent or guardian and the resident district in writing as to whether the student's application has been accepted or rejected.
 * * * (iii) If the application is accepted, the superintendent of the nonresident district shall state in the notification letter:
 (a) An absolute deadline for the student to enroll in the district, or the acceptance notification is null; and
 (b) Any instructions for the renewal procedures established by the district.
 * * * (d)(1) A nonresident district shall accept credits toward graduation that were awarded by another district.
 (2) The nonresident district shall award a diploma to a nonresident student if the student meets the nonresident district's graduation requirements.
 (e) For purposes of determining a school district's state equalization aid, the nonresident student shall be counted as a part of the average daily membership of the district to which the student has transferred.
A.C.A. § 6-18-206 (Supp. 2005).
You have posed a series of questions pertaining to the interpretation of this statutory provision. The Arkansas Supreme Court has stated with regard to statutory interpretation, as follows:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, ___ S.W.3d ___ (2005); see also Ops. Att'y Gen. 2005-138; 2005-072; 
2004-339.
The court has also held that "it does not engage in interpretations that defy common sense and produce absurd results," and that "in construing statutes . . . we look to the language under discussion in the context of the statute as a whole." Green v. Mills, 339 Ark. 200,205, 4 S.W.3d (1999) (citing Haase v. Starnes, 323 Ark. 262,915 S.W.2d 675 (1996)); Steward v. McDonald, 330 Ark. 837, 958 S.W.2d 297
(1997); and Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266
(1997).
The School Choice Act does not directly address the possibility of a student leaving his or her receiving non-resident district in the middle of a school year to return to his or her resident district. The School Choice Act does require that any "renewal" procedures for the non-resident district be provided to the student upon acceptance of his or her application. A.C.A. § 6-18-206(b)(1)(B)(iii)(b). The Act does not otherwise address how or whether a student who has been enrolled in a non-resident receiving district returns to his or her resident district. The Act, however, appears to assume that the student will continue to attend school in the non-resident receiving district from year to year.See Op. Att'y Gen. 96-250; see also Op. Att'y Gen. 2001-008 (without addressing the "renewal procedures of each district, opining that, under a previous version of the law, if a school district discontinued participation in the School Choice Act that the students currently enrolled in the district pursuant to the Act would not be required to return to their resident district but would rather remain in the non-resident district until either graduation or "transfer" from the district).
In my opinion, the plain and ordinary language of the School Choice Act contains no information regarding how, or even whether, a student could leave the non-resident receiving district in the midst of the school year to return to his or her resident district. Absent judicial interpretation or legislative clarification, the plain and ordinary language of A.C.A. § 6-18-206 simply does not offer sufficient information to address the issue you have posed.
Arguably, there is support for the proposition that the student could return at any point during the school year to his or her resident district, though this support is not strong enough to compel a definite, or even likely, conclusion in this regard.[1] By comparing the School Choice Act to the more recently enacted Opportunity School Choice Act, A.C.A. § 6-18-227 (Supp. 2005),[2] a variation of the statutory maxim "expressio unius est exclusio alterius"[3] supports the proposition that a student may leave the non-resident district to return to his or her resident district in the midst of the school year.
The doctrine of expressio unius est exclusio alterius states that when a legislature specifically includes or designates one "thing," the proper statutory construction will exclude another option. See,e.g., Op. Att'y Gen. 2006-021. Put another way, by specifically approving one option by writing that option into a law, the legislature has excluded the other options by failing to include them in the law. Here, instead of analyzing the language of a single statute, two related statutes will be compared to illuminate any significant differences between them. The General Assembly is presumed to know the laws already enacted. See, e.g., Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132
(2001). Any significant differences in subsequently enacted legislation may be inferred to demonstrate an intentional difference because the General Assembly is presumed to be aware of those differences and chose to make them.
The Opportunity School Choice Act specifically declares its transfers to be "irrevocable elections" to attend the non-resident receiving district. A.C.A. § 6-18-227(b)(2)(A)(i). A student may not leave the receiving district to enroll in another district, including his or her resident district, without a written application under the provisions of A.C.A. §§ 6-18-202,-206, or-316 that must be submitted prior to July 30th. A.C.A. § 6-18-227(b)(2)(A)(i). Even then, such transfers or enrollments will not be effective until the beginning of the next school year. Id. at (b)(2)(A)(ii).
Applying the standard described above, the "irrevocable" nature of an Opportunity School Choice transfer is a significant difference from a School Choice transfer. The School Choice Act is silent in this regard. Because the General Assembly is presumed to know the existing law when enacting subsequent legislation, the "irrevocable" nature of the Opportunity School Choice transfers may be interpreted as a unique transfer provision; the pre-existing transfer statutes, such as the School Choice Act, were not "irrevocable." This is not, however, strong enough to compel me to offer a definite opinion.
With respect to the second portion of Question One (a), I am uncertain what you are asking. Clearly, a student who has enrolled in a non-resident district pursuant to the School Choice Act may continue to attend school in the non-resident district. If that student were able to return to his or her resident district, it is unlikely that he or she would be able to subsequently return to the non-resident district absent a legal transfer. The School Choice Act requires that a school district set a final date by which the student must enroll in the non-resident district. A.C.A. § 6-18-206(b)(1)(B)(iii)(a). Once the student has returned to his or her resident district, the student will be enrolled in the resident district which, under your hypothetical, would be during the school year and past the final date a student could enroll in the non-resident district pursuant to A.C.A. §6-18-206(b)(1)(B)(iii)(a).
In reviewing the School Choice Act, it is my opinion that the language of the act does not address the question that you posed in your request for an opinion. While there is an argument to be made that a student could return to his or her resident district in the circumstances you describe, it is not persuasive enough to compel me to offer a definitive answer. In my opinion, judicial interpretation or legislative clarification is warranted to reach a definitive answer to the question posed.
 b. If the answer to a. is "no," please consider this question: Since the student has been accepted by the non-resident district and is now legally a student in the non-resident district, and since the option of transferring back to the resident district under the School Choice Act is not available because the July 1st deadline for application has passed, must the parents of the student (or the student if he/she is age 18 or above) seek a return to the resident district by obtaining a legal transfer?
It is unnecessary to answer this question in light of my response to Question One (a).
 c. If the student may not transfer back to the resident district under either a. or b. above, please indicate if it is even possible for the student to transfer back to the resident district during the course of the school year, and if so, how may this be accomplished?
It is unnecessary to answer this question in light of my response to Question One (a).
Question Two: If a student has been accepted for enrollment in anon-resident district in accordance with the School Choice Act andwishes to return to school in the resident district either during thecurrent year or in subsequent years, please respond to thefollowing:
 a. Section (a)(5) states, "a public school choice program is hereby established to enable any student to attend a school in a district in which the student does not reside, subject to the restrictions contained in this section." Given this language, is it even possible for the student to return to school in the resident district under the School Choice Act since he/she has been previously accepted under School Choice to attend school and is legally a student in the non-resident district?
The difference between this question and Question One (a) is not entirely clear. With respect to returning to his or her resident district during the course of the school year, I refer you to the discussion in response to Question One above. With respect to a student returning to his or her resident district between school years, in my opinion, it is possible for a student to return to his or her resident district under any applicable procedures set forth by the non-resident district as discussed below.
As noted above, the School Choice Act appears to assume that a student attending a non-resident district pursuant to the Act's provisions will remain in the non-resident district from year to year. The School Choice Act, however, requires that any local school district provide standards regarding "renewal procedures" at the time the student's application for a transfer into the non-resident district is approved. A.C.A. §6-18-206(b)(2)(B)(iii)(b). The fact that the School Choice Act specifically requires "renewal procedures" to be given to the student when he or she has been accepted to enroll in a non-resident school district under the School Choice Act implies that a student who fails to follow the renewal procedures will no longer be enrolled in the non-resident district. Logically, the student would revert to his or her resident district pursuant to A.C.A. § 6-18-202. Because this section also specifies that each district must provide what procedures are "established by the district," it stands to reason that each district may promulgate different standards and regulations for renewal. Therefore, the procedures for renewing enrollment, and conversely for not renewing enrollment, between school years in a non-resident district under the School Choice Act should be provided to each student when his or her application to attend the non-resident district is approved.
 b. If the answer to a. above is "no," would the parents of the student (or the student) have to seek a legal transfer to return to school in the resident district?
With respect to returning to his or her resident district during the course of the school year, I refer you to the discussion in response to Question One above. With respect to the student returning to his or her resident district after completing a school year or years in the non-resident district pursuant to the School Choice Act, I refer you to the answer to Question Two (a) above.
Question Three: If a student has been accepted by a non-residentdistrict under the School Choice Act and, after completion of the firstyear the student wishes to continue attending school in the non-residentdistrict in successive years, must a new school choice application besubmitted and must the non-resident district take action to accept thestudent each and every year that the student attends school there, or isthe action by the non-resident district to accept the student in thefirst year sufficient, with no further action being necessary by thenon-resident district in successive years to allow the student tocontinue attending school in the non-resident district?
As noted above, every student who is approved to attend a non-resident school district under the School Choice Act should have been furnished with the "renewal procedures" of the non-resident district. A.C.A. § 6-18-206(b)(2)(B)(iii)(b). In my opinion, this means that each school district may promulgate regulations and procedures in this regard. As my predecessors have noted, there is no requirement under the School Choice Act for annual applications. Rather, there is an assumption that the students will continue to attend the non-resident district, see Ops. Att'y Gen. 2001-008; and 96-250; there is also no prohibition on the school district requiring an application each year as part of the "renewal procedures." I am unable, therefore, to offer an answer beyond noting that the requirements for "renewal" must be provided after acceptance of an application to attend a non-resident district and before the student enrolls in that non-resident district, but that there is no requirement under the School Choice Act for annual applications.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] One of my predecessors opined that a student could return to his or her resident district from a non-resident receiving district in Op. Att'y Gen. 88-089. It is unclear, however, whether my predecessor was contemplating a return in the midst of the school year or a return between school years. It appears that this opinion was addressing a return to the resident district between school years, though that is never explicitly noted. This opinion will be discussed in greater detail in response to Question Two (a), infra.
[2] The Opportunity School Choice Act is specifically intended to further the constitutional duty of providing an adequate education, pursuant to Lakeview Sch. Dist. No. 25. v. Huckabee, 351 Ark. 31,91 S.W.3d 472 (2002), by allowing students who attend a school that is failing to meet minimum standards set by the state to transfer under the Act to a school that is meeting the standards set forth.
[3] "A canon of construction holding that to express or include one thing implies the exclusion of the other, or the alternative . . . For example, the rule of law that `each citizen is entitled to vote' implies that noncitizens are not entitled to vote." Black's Law Dictionary 620 (8th ed. Bryan A Gardner, ed.)