The Honorable Roy Ragland State Representative Post Office Box 610 Marshall, AR 72650-0610
Dear Representative Ragland:
I am writing in response to your request for an opinion on the following questions:
1. If a person is younger than eighteen (18) years of age, doesAct 441 of 2007 require the county clerk to issue a marriage license to that person if evidence of parental consent is provided regardless of how young the minor is?
2. What constitutes "satisfactory evidence" of parental consent underAct 441 of 2007?
3. Is consent of the custodial parent of a minor sufficient to satisfy Section 1, line 19 of Act 441 of 2007 concerning custody (exclusive of the other parent) if the non-custodial parent has visitation privileges, is paying child support, and has not had parental rights terminated?
RESPONSE
Assuming that the license would otherwise be lawfully issued, the answer to your first question is "yes," in my opinion. In response to your second question, A.C.A. § 9-11-209 requires "either verbal or written consent[,]" and provides further that in case of doubt, the clerk may "require the parties to make affidavit to the genuineness of the consent. . . ." Id. at (b) and (c). In my opinion, the answer to your third question is "yes."
Question 1 — If a person is younger than eighteen (18) years of age, does Act 441 of 2007 require the county clerk to issue a marriage license to that person if evidence of parental consent is provided regardless of how young the minor is?
Act 441 of 2007 indeed appears to amend A.C.A. § 9-11-102 to place no limit on the age at which parties may obtain a marriage license with parental consent. In my opinion, the clerk must issue the license if the statutory requirements, including parental consent, are met.
As amended by Act 441, Section 1, effective July 31, 2007,[1]
subsection 9-11-102 provides:
(a) Unless otherwise provided by law, a person must be eighteen (18) years of age to obtain a marriage license. Any person who is eighteen (18) years of age or older is competent to enter into a contract for marriage and to obtain a marriage license.
(b)(1) In order for a person who is younger than eighteen (18) years of age and who is not pregnant to obtain a marriage license, the person must provide the county clerk with evidence of parental consent to the marriage.
(2) The county clerk may issue a marriage license to a person who is younger than eighteen (18) years of age and who is not pregnant after the county clerk receives satisfactory evidence of parental consent to the marriage under subsection (c) of this section.
(c)(1) As used in this subchapter, "parental consent" means the consent of both parents of a person under eighteen (18) years of age who wishes to enter into a contract for marriage.
(2)(A) However, except as provided in subdivision (c)(2)(B) of this section, the consent of one (1) parent who has custody of the person under eighteen (18) years of age will constitute parental consent if:
(i) The parents of the person have been divorced and custody of the person has been awarded to one (1) of the parents exclusive of the other;
(ii) The custody of the person has been surrendered by one (1) of the parents through abandonment or desertion; or
(iii) Paternity has been determined by a court of competent jurisdiction and the court has awarded custody to the man adjudged to be the father of the child.
(B) If a court of competent jurisdiction has appointed a guardian of the person under eighteen (18) years of age, the consent of the guardian will constitute parental consent.
(Emphasis added).
As you can see, subsection (a) of the amended statute provides that persons who are at least 18 can obtain a marriage license; and subsection (b) provides that persons who are younger than 18 can obtain a license with parental consent, the term "parental consent" being defined as "the consent of both parents of a person under eighteen (18) years of age who wishes to enter into a contract for marriage." It therefore appears that on July 31, 2007, the law is modified to allow any person under the age of 18 to marry with parental consent, irrespective of age. This follows from the plain language of the statute. See generally Jones v. Double "D" Properties, 352 Ark. 39, 98
S.W.3d 405 (2003) (noting that in determining legislative intent, a court will first look at the plain and ordinary language of the statute in question).[2]
As noted above, the amendment made by Act 441 of 2007 is not effective. A review of the current statute will be helpful in understanding how the law will be modified effective July 31st. Subsection 9-11-102 currently provides in relevant part:
(a) Every male who has arrived at the full age of seventeen (17) years and every female who has arrived at the full age of sixteen (16) years shall be capable in law of contracting marriage.
(b)(1) However, males and females under the age of eighteen (18) years shall furnish the clerk, before the marriage license can be issued, satisfactory evidence of the consent of the parent or parents or guardian to the marriage.
A.C.A. § 9-11-102 (Repl. 2002).
Currently, therefore, a male who is 17 and a female who is between 16 and 18 may contract to marry with parental consent. There is no provision for younger individuals to marry with parental consent.
With regard, specifically, to the clerk's obligation to issue a marriage license, I note that subsection 9-11-102(b)(2), as amended by Act 441, supra, provides that "[t]he county clerk may issue a marriage license to a person who is younger than eighteen (18) years of age and who is not pregnant after the county clerk receives satisfactory evidence of parental consent. . . ." (Emphasis added). The word "may" at first glance might suggest that the clerk has some discretion in this respect. It is clear from a review of other statutes on the subject, however, that the clerk's discretion is limited to determining whether the applicants have met the legal requirements to obtain a license and have paid the necessary fee. Subsection 9-11-203 states:
(a) The clerks of the county courts of the several counties in this state are required to furnish the license upon:
(1) Application's being made;
(2) Being fully assured that applicants are lawfully entitled to the license; and
(3) Receipt of his or her fee.
A.C.A. § 9-11-203 (Repl. 2002) (emphasis added).
The question of the applicants' entitlement to a license requires reference to Subchapter 2 of Chapter 11, Title 9, and specifically A.C.A. §§ 9-11-205 (requiring "notice of intention to wed"); — 207 (applicants to be "duly sober");— 208(b) (no license for persons of the same sex);[3] — 209 (requiring proof of age, or evidence of parental consent if either or both of the parties are "not of lawful age"); and — 210 ($100 bond to ensure license applicants' compliance with the law).
In response to your specific question, therefore, if the statutory requirements are met, including the requirement of parental consent as discussed further below in response to your second question, it seems that the age of the minor is irrelevant under Act 441 of 2007. The clerk is required to issue the license in that instance.
Question 2 — What constitutes "satisfactory evidence" of parental consent under Act 441 of 2007?
It should first be noted that the requirement of "satisfactory evidence" of parental consent is not new. The law currently requires "satisfactory evidence of the consent of the parent or parents or guardian to the marriage" of underage parties. A.C.A. § 9-11-102(b)(1) (Repl. 2002), supra. Act 441 of 2007 did not amend this requirement. Accordingly, your question requires reference to the current statutes.
In this regard, A.C.A. § 9-11-209 states in relevant part:
(b) In case either or both of the parties to the marriage are not of lawful age, it shall be the duty of the clerk, before issuing the license to require the party applying therefor to produce satisfactory evidence of the consent and willingness of the parent or guardian of the party to the marriage which shall consist of either verbal or written consent thereto.
(c) If there are any doubts in the mind of the clerk as to the evidence of the consent and willingness of the parent or guardian of the party applying for the license or if the clerk is in doubt as to the true age of the party so making application, the clerk may require the applicants to furnish a copy of their birth certificates as proof of lawful age or may require the parties to make affidavit to the genuineness of the consent granted or to the correctness of the ages given. The affidavit so made shall be filed in the clerk's office for public inspection.
A.C.A. § 9-11-209 (Repl. 2002) (emphasis added).
According to the above-emphasized language of subsection 9-11-209(b), the consent of the parent or guardian "shall consist of either verbal or written consent." Subsection 9-11-209(c) further authorizes the clerk, in case of doubt, to "require the parties to make affidavit to the genuineness of the consent. . . ." Other than these provisions, there is no explicit indication of what constitutes "satisfactory evidence" of parental consent.
Some further guidance may be gleaned, however, from subsection (a) of § 9-11-209, which provides as follows regarding proof of age:
Any person applying for the license to marry another may introduce the parent or guardian of himself or herself or the other party, or the certificate of the parent or guardian duly attested, to prove to the satisfaction of the clerk that the parties to the marriage are of lawful age.
A.C.A. § 9-11-209(a) (Repl. 2002).
In stating that a person "may introduce the parent or guardian . . . or the certificate of the parent or guardian duly attested," this subsection in my opinion contemplates the personal appearance of the parent or guardian before the clerk, or the presentation of a duly witnessed certificate, as proof of the applicant's age.[4] Viewed in light of this provision, subsection 9-11-209(b)'s requirement of "verbal" consent on the part of the underage applicant's parent or guardian in my opinion similarly contemplates that the parent or guardian will appear in person before the clerk to express their consent to the marriage. This interpretation is consistent with the general rule that in construing statutes, courts will "look to the language under discussion in the context of the statute as a whole." See Green v. Mills, 339 Ark. 200, 205, 4 S.W.3d (1999). Similarly, the "written consent" requirement in my opinion likely envisions a document that is attested, i.e., witnessed, like the attested certificate under subsection 9-11-209(a).
Question 3 — Is consent of the custodial parent of a minor sufficient to satisfy Section 1, line 19 of Act 441 of 2007 concerning custody (exclusive of the other parent) if the non-custodial parent has visitation privileges, is paying child support, and has not had parental rights terminated?
In my opinion, the answer to this question is "yes." The provision inAct 441 of 2007 that you have referenced amends A.C.A. § 9-11-102 to, inter alia, add a subsection defining "parental consent." The subsection is set out above in response to your first question, but it will be helpful to re-state it here:
(c)(1) As used in this subchapter, "parental consent" means the consent of both parents of a person under eighteen (18) years of age who wishes to enter into a contract for marriage.
(2)(A) However, except as provided in subdivision (c)(2)(B) of this section, the consent of one (1) parent who has custody of the person under eighteen (18) years of age will constitute parental consent if:
(i) The parents of the person have been divorced and custody of the person has been awarded to one (1) of the parents exclusive of the other;
(ii) The custody of the person has been surrendered by one (1) of the parents through abandonment or desertion; or
(iii) Paternity has been determined by a court of competent jurisdiction and the court has awarded custody to the man adjudged to be the father of the child.
(B) If a court of competent jurisdiction has appointed a guardian of the person under eighteen (18) years of age, the consent of the guardian will constitute parental consent.
A.C.A. § 9-11-102(c), as added by Acts 2007, No. 441, § 1 (emphasis added).
Your question goes to the meaning of "exclusive" custody, the concern being whether visitation privileges, child support payments, and continued parental rights on the part of the non-custodial parent means that the custodial parent does not have "exclusive" custody for purposes of this parental consent provision.
In my opinion, these factors are irrelevant to the determination whether one parent has exclusive custody. The only issue, in my opinion, is whether custody is limited to one parent under the divorce decree. One of my predecessors reached this conclusion with respect to the comparable provision in the current statute. See Op. Att'y Gen. 90-269
(concluding that "[t]he plain meaning of 9-11-102 . . . evidences legislative intent in favor of the sufficiency of the custodial parent's consent where the award of custody has been limited to that parent.") Subsection 9-11-102(b)(2) currently states:
The consent of both parents of each contracting party shall be necessary before the marriage license can be issued by the clerk unless the parents have been divorced and custody of the child has been awarded to one (1) of the parents exclusive of the other, or unless the custody of the child has been surrendered by one (1) of the parents through abandonment or desertion, in which cases the consent of the parent who has custody of the child shall be sufficient.
A.C.A. § 9-11-102(b)(2) (Repl. 2002) (emphasis added).
As you can see, Act 441 does not substantively change this provision for the custodial parent's consent. Opinion 90-269 addressed the following questions:
What does custody exclusive of the other mean? Does it mean custody which is not joint custody? If a non-custodial parent has visitation rights (whether exercised or not) is his or her consent required? If he or she is ordered to pay child support (regardless of whether it is been paid or whether or not visitation rights have been awarded or exercised) is his or her consent required?
Id. After noting the general rule that statutes are to be construed just as they read, giving words their commonly accepted meaning, my predecessor reasoned as follows:
In this instance, reference may reasonably be made to Webster's definition of the term "exclusive" which includes: "b: limiting or limited to possession, control, or use by a single individual or group." Webster's New Collegiate Dictionary 290 (1972). The plain meaning of9-11-102 thus evidences legislative intent in favor of the sufficiency of the custodial parent's consent where the award of custody has been limited to that parent. This would, it seems, typically exclude the "joint custody" arrangement where both parents are granted custody. . . .
The fact that the non-custodial parent has visitation, or has been ordered to pay child support, is not determinative under 9-11-102. Rather, the inquiry must focus on the award of custody under the divorce decree. The consent of the noncustodial parent is not required where there has been an exclusive award of custody to the other parent.
Id.
I agree in all respects with this conclusion. Accordingly, the answer to your third question is "yes," in my opinion. The consent of the custodial parent is sufficient, in my opinion, irrespective of whether the non-custodial parent has visitation privileges, is paying child support, or retains parental rights.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The act contains no emergency clause or specified effective date. Accordingly, it will become effective on July 31, 2007. See Op. Att'y Gen. 2007-164 (noting the July 31, 2007, effective date of acts passed during the Eighty-Sixth General Assembly that carry no emergency clause or specified effective date.)
[2] Provision is also made under A.C.A. § 9-11-103, as amended byAct 441 of 2007, Section 2, for a circuit court judge to issue a marriage license to persons under 18 in the absence of parental consent if the female is either pregnant or has given birth. The current law similarly sets no minimum age requirement to apply for a marriage license where the female is pregnant or has given birth, but it requires parental consent for the underage party. A.C.A. § 9-11-103 (Repl. 2002).
[3] Currently, subsection (a) of § 9-11-208 requires the female to be 16 and the male 17, and then only with parental consent, consistent with the current age requirement in A.C.A. § 9-11-102, supra. Act 441 of 2007
repeals subsection (a) of § 9-11-208, consistent with the amendment of § 9-11-102, discussed above, authorizing the issuance of a license to persons younger than 18 with parental consent.
[4] The word "attest" commonly means "[t]o bear witness to[.]" Black's Law Dictionary (5th ed. 1979) at 117.