Mr. Roger A. Norman Legislative Auditor Division of Legislative Joint Audit 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Mr. Norman:
I am writing in response to your request for an opinion on the following questions:
1. If the Board of Trustees of the University of Arkansas enters into any of the contracts listed in Ark. Code Ann. § 19-4-1415(b)(1), are those contracts subject to review by the Legislative Council?
2. Can the Board of Trustees of the University of Arkansas proceed with a construction project under Ark. Code Ann. § 19-4-1415, if the initial contract price does not exceed the statutory minimum of $5,000,000?
RESPONSE
The answer to your first question is "yes," in my opinion. Your second question does not lend itself to a simple "yes" or "no" because the application of A.C.A. § 19-4-1415 may not turn on whether one contract meets the $5,000,000 threshold. It is important instead to identify the project, and this may involve a factual question.
Question 1 — If the Board of Trustees of the University of Arkansas enters into any of the contracts listed in Ark. Code Ann. §19-4-1415(b)(1), are those contracts subject to review by the Legislative Council?
The referenced Code section — A.C.A. § 19-4-1415 — creates an exception from bidding and other public construction requirements for state agency projects exceeding $5,000,000.00, as follows:
In the event funds from any sources are provided to state agencies for projects which exceed five million dollars ($5,000,000), excluding the cost of land, the provisions of this subchapter and all other provisions of the Arkansas Code governing construction of public facilities, including, but not limited to, the provisions of § 22-9-201 et seq.[1]
at the election of state agencies or the institutions of higher education set forth in subdivision (b)(5) of this section shall not be applicable to the projects if the selection and contracting process set forth in this section is followed.
A.C.A. § 19-4-1415(a) (Supp. 2007).
Your specific question pertains to the next subsection (b) of §19-4-1415. It will be helpful to a complete understanding of the issue to set out the full text of this subsection:
(1) No contract for projects between the state agency and the construction manager, general contractor, architect, or engineer shall be entered into without first obtaining approval of Arkansas Building Authority and review by the Legislative Council.
(2) The authority[2] shall have involvement in the selection and contract process from the project inception.
(3) There shall be separate contracts for design and construction services.
(4) The authority shall have the authority to promulgate rules and regulations pertaining to the process for awarding and overseeing the contracts.
(5) The Board of Trustees of the University of Arkansas and the Board of Trustees of Arkansas State University shall be exempt from review and approval by the authority and any regulations promulgated by it, provided that the institutions shall have adopted policies and procedures involving the awarding and oversight of the contracts for design and construction services.
(6) All procedures pertaining to the contracts shall provide, to the extent practicable, substantial uniformity between these institutions with respect to the policies and procedures to be followed.
A.C.A. § 19-4-1415(b) (Supp. 2007).
The answer to your question concerning review by the Legislative Council turns on the meaning of "the state agency" under subsection (b)(1) above. According to (b)(1), in order for projects over $5,000,000 to fall within the exception created by subsection (a) of § 19-4-1415, "the state agency" must obtain "approval of Arkansas Building Authority and review by the Legislative Council" (emphasis added) before entering into any contract with the construction manager, general contractor, architect, or engineer. Consideration must also be given to subsection (b)(5), regarding the University of Arkansas and Arkansas State University. This subsection states that the boards of these two institutions "shall be exempt from "review and approval by the authority . . . ," (emphasis added), provided they have "adopted policies and procedures involving the awarding and oversight of the contracts for design and construction services."[3] This "review and approval" refers, in my opinion, to the Arkansas Building Authority's oversight as set forth in subsection (c) of the statute.[4] Subsection (b)(5) makes no reference to Legislative Council review. This may suggest that these institutions' contracts are not subject to such review. On the other hand, if "the state agency" as referenced in subsection (b)(1) includes these two institutions, then subsection (b)(5) is properly interpreted to only provide an exemption from State Building Authority's "review and approval," meaning that the contracts of these institutions remain subject to review by the Legislative Council pursuant to subsection (b)(1). The question therefore focuses on the meaning of "the state agency" in subsection (b)(1).
The term as used therein is not defined. Following established rules of statutory construction, we must construe it "in the context of the statute as a whole." Green v. Mills, 339 Ark. 200, 4 S.W.3d ___ (1999), citing Haase v. Starnes, 323 Ark. 262, 915 S.W.2d 675 (1996). In this regard, I note that according to subsection (a), projects of "state agencies" fall within this exception to the bidding laws and other laws governing the construction of public facilities. I believe it is clear that public institutions of higher education are generally included as "state agencies" under Title 19, Chapter 4, Subchapter 14, as reflected by various exemptions extended to such institutions under this body of law. See, e.g., A.C.A. §§ 19-4-1402(b) (Supp. 2007) (exempting certain institutions from filing contracts with the Arkansas Building Authority) and 19-4-1413 (establishing particular procedures for privately funded higher education construction projects exceeding $5,000.000, rendering inapplicable other public contracting laws if the private funds meet the stated threshold.) This would suggest that the reference to "the state agency" in subsection (b)(1) includes all public institutions of higher education, including the University of Arkansas and Arkansas State University.
Subsection (a) of the statute complicates the matter, however, by referring to "state agencies or the institutions of higher education set forth in subdivision (b)(5)," (emphasis added), when establishing the option of not being subject to the other public contracting laws. This apparent distinction in subsection (a) between "state agencies" and the two higher education institutions identified in subsection (b)(5), gives the impression that "the state agency" as referenced in the following subsection (b)(1) does not include the institutions named in (b)(5). Indeed, there are numerous other references throughout A.C.A. §19-4-1415 to "the state agency" or "state agencies" separate from the "institution[s] of higher education stated in subdivision (b)(5)." See, e.g., A.C.A. § 19-4-1415(c)(1)(C)(ii) (requiring "state agencies" to submit a summary of contract amendments to the Legislative Council) and (c)(2)(A) (providing that "[t]he institutions of higher education stated in subdivision (b)(5) of this section shall perform all duties and responsibilities stated in subdivision (c)(1) of this section under policies and procedures adopted by their governing boards."); A.C.A. § 19-4-1415(d) (establishing procedures to be utilized by "the state agency and each institution of higher education stated in subdivision (b)(5)" when selecting professionals.)
Notwithstanding this initial impression that the institutions identified in (b)(5) may not be covered by (b)(1), I believe it becomes clear upon further review that they are indeed covered by the term "the state agency" as used in subsection (b)(1). Several provisions point to this conclusion. First, I note that according to subsection (b)(3), [t]here shall be separate contracts for design and construction services." (Emphasis added.) Subsection (b)(5) states that the two institutions are exempt from State Building Authority review and approval "provided [they] have adopted policies and procedures involving the awarding and oversight of the contracts for design and construction services." (Emphasis added). Subsection (b)(5) thus recognizes that the institutions are subject to the requirement under subsection (b)(3) that there be "separate contracts for design and construction services." Because subsection (b)(3) applies to "the state agency" referenced in (b)(1), the institutions in (b)(5) are plainly included in that term. It therefore becomes apparent that subsection (b)(5) created an exemption from the oversight by Arkansas Building Authority that would otherwise have applied to the institutions by virtue of subsection (b)(1), but it did not exempt them from the Legislative Council review requirement under that subsection.
Further buttressing this conclusion is subsection (c)(2)(B), which provides: "They [the institutions stated in (b)(5)] shall submit a summary of all contract amendments to the Legislative Council." This provision plainly reflects an assumption that the contracts will be under review by the Legislative Council prior any amendments.
Accordingly, while the statute would plainly benefit from clarification by the legislature, the answer to your first question is "yes," in my opinion. If the Board of Trustees of the University of Arkansas enters into any of the contracts listed in A.C.A. §19-4-1415(b)(1), I believe those contracts will be subject to review by the Legislative Council.
Question 2 — Can the Board of Trustees of the University of Arkansas proceed with a construction project under Ark. Code Ann. § 19-4-1415, if the initial contract price does not exceed the statutory minimum of $5,000,000?
The answer to this question may depend on what is meant by "initial contract." Arkansas Code Annotated A.C.A. § 19-4-1415 applies "[i]n the event funds from any sources are provided to state agencies for projects which exceed five million dollars ($5,000,000), excluding the cost of land. . . . " (Emphasis added). As you can see, the statute does not speak in terms of contracts when it sets the threshold amount. Rather, because it speaks in terms of "projects," its applicability may not turn on whether one contract meets the threshold. I believe it would be important, instead, to identify the project. This may be a factual question. If it is established that the contract is for a project that exceeds $5,000.000, I believe A.C.A. § 19-4-1415 will be applicable.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This is the so-called "public works" law that sets forth bidding and other requirements relating to the award of public construction contracts.
[2] The term "authority" as used here and elsewhere throughout § 19-4-1415 refers to the previously referenced "Arkansas Building Authority," consistent with the renaming of that agency, which was previously known as the "Arkansas State Building Services." See Acts 2003, No. 250.
[3] Two other institutions of higher education have been accorded a similar exemption through their appropriation acts. See Acts 2007, Nos. 1253, § 12, and 1295, § 7 (applying, respectively, to the University of Central Arkansas and the National Park Community College, stating that the boards of these institutions "shall be included as an exempt institution related to projects exceeding $5,000,000 provided that the institution shall have adopted policies and procedures involving the awarding and oversight of the contracts for design and construction services in compliance with State Law.")
[4] Subsection (c)(1) provides as follows:For all projects contemplated or contracted for, the authority shall: (A) Review and approve the advertisement as stated in subsection (d) of this section, the scope of work, the site selection, funding review, and, to the extent available, all project drawings, plans, and specifications prior to any solicitation of proposals for the project; (B) Conduct on-site observations of the construction project on a regular basis and maintain project records; and (C)(i) Review and approve all contract amendments. (ii) State agencies shall submit a summary of all contract amendments to the Legislative Council[.] A.C.A. § 19-4-1415(c)(1) (Supp. 2005) (emphasis added). *Page 1