Mr. Dave Fletcher, Director Arkansas Department of Veterans Affairs 2200 Fort Roots Drive, Bldg. 63, Room 119 North Little Rock, Arkansas 72114
Dear Mr. Fletcher:
You have asked for my opinion about how often veterans must verify their "permanent and total disability" status in order to be eligible for various tax exemptions. As background for your question, you state:
 Arkansas Code Annotated section 26-3-306 provides a homestead and personal property tax exemption for disabled veterans, surviving spouses and minor dependent children. . . . [Arkansas law states that each] eligible person desiring to claim the exemption "shall furnish to the county collector a letter from the department verifying the fact" of the individual's eligibility.
 [We] would like to know whether A.C.A. § 26-3-306 requires eligible persons to provide a letter from the department annually or should one letter issued by the department be kept on [the county collector's] file from year to year. . . .
 It is my contention that the code requires one letter be furnished by the veteran and retained in the tax collector's file from year to year; not a new letter each year. . . . *Page 2 
With that background in mind, you ask
 [W]e request your opinion as to whether the code as written requires persons eligible for the exemption to supply the county tax collectors with an annual letter from the department or does the code only require submission of one tax exemption letter to be retained on file establishing the current and future exemption status?
RESPONSE
In my opinion, a conclusive answer to your question probably requires legislative clarification. There are plausible arguments both for and against the proposition that one letter will suffice to establish the exemption indefinitely, as explained below. It is my understanding that the majority of tax collectors do require an annual letter. Given the uncertainty in the law, it is difficult to definitively opine that this practice is inconsistent with the statute. A court faced with the question might conclude that one letter suffices based on the statute's wording; but I simply cannot offer a definitive opinion in the absence of judicial or legislative clarification.
DISCUSSION
The General Assembly has established an exemption from homestead and personal-property taxes for all eligible, disabled veterans.[1] Subsection 26-3-306(a)(1)(A)(i) explains which veterans qualify for the exemption:
 A disabled veteran who has been awarded special monthly compensation by the Department of Veterans Affairs for the loss of, or the loss of use of, one (1) or more limbs, for total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability shall be exempt from payment of all state taxes on the homestead and personal property owned by the disabled veteran. *Page 3 
The statute also explains what qualifying veterans must do to avail themselves of the exemption:
 A disabled veteran eligible for the exemption provided for in this section and desiring to claim an exemption shall furnish to the county collector a letter from the department verifying the fact that the disabled veteran is in receipt of special monthly compensation for the loss of or the loss of use of one (1) or more limbs, total blindness in one (1) or both eyes, or for service-connected one hundred percent (100%) total and permanent disability.[2]
There are a few textual arguments supporting the reading that a single letter will suffice to establish the exemption indefinitely. The statute requires the veteran to file "a letter," which may indicate that a single letter is sufficient. Further, veterans are only eligible for the exemption if they have a form of permanent disability that is described by the statute set out above. So, presumably, the legislature had in mind that when a veteran became eligible for the exemption, he or she would always remain eligible. In my opinion, the combined force of these two textual points — the use of the indefinite article and the permanent nature of the disability — adds significant weight to the argument that the legislature intended for one letter to suffice indefinitely.
The primary counter-argument rests on the statute's context. The Arkansas Supreme Court has explained that one must "look to the language under discussion in the context of the statute as a whole."[3] This principle suggests that some recognition must be given to the fact that taxes are assessed and collected yearly. By requiring that "a letter" be provided to "the county collector," the statute arguably contemplates a yearly verification of the "special monthly compensation" awarded by the VA. Indeed, it is my understanding that a majority of collectors do require yearly verification. I cannot definitively opine that such a requirement is inconsistent with section 26-3-306.
As noted above, one can make a strong argument that the statute contemplates a one-time verification. But, given the statute's context, I cannot confidently predict *Page 4 
how a court would resolve your question. Legislative or judicial clarification is warranted.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] My predecessors have repeatedly noted, that this tax exemption is constitutionally suspect. E.g., Op. Att'y Gen. 91-265. Article 16, section 5(b) of the Arkansas Constitution lists all property that must be exempted from taxation. Article 16, section 6 of the Arkansas Constitution states: "All laws exempting property from taxation other than as provided inthe Constitution shall be void." (Emphasis added.)
[2] A.C.A. § 26-3-306(b)(1)(a) (Supp. 2009).
[3] Green v. Mills,339 Ark. 200, 205, 4 S.W.3d 493 (1999).